WETMORE, Appellant, v. CROUCH.

Division One, May 24, 1905.

1. **LIMITATIONS: Nonsuit: Application of Statute.** The provisions of the statute (sec. 4285, R. S. 1899) which says that "if any action shall have been commenced within the time respectively prescribed" in other sections of the Statute of Limitations, "and plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed," applies as well to voluntary as to involuntary nonsuits.

2. ————: ————: ————: **Dismissal.** A judgment of dismissal and a judgment of nonsuit serve the same purpose and have the same legal effect. And where a cause is begun within one year after its dismissal for a failure to give bond for costs, it will be held that the word "nonsuit" used in the statute means also a judgment of dismissal.

3. **JUDGMENT: Failure To Give Bond: Nonsuit: Dismissal.** Where a plaintiff fails to furnish bond for costs, the trial court may enter a nonsuit in terms or a judgment of dismissal. The statute (sec. 1543, R. S. 1899) is merely directory. Besides, an entry of dismissal and an entry of nonsuit are equivalent in law and practice.

4. **LIMITATIONS: Dismissal: Renewal Within One Year.** The cause of action accrued in 1889 and plaintiff began suit in 1890, and, after prosecuting it through the Court of Appeals suffered nonsuit therein in December, 1893, and in May, 1894, filed a second suit, in which she again suffered nonsuit, and this judgment on appeal to this court was reversed in 1899 and the cause remanded for a new trial, and thereafter in 1902 was dismissed for failure of plaintiff to give additional security for costs, and within a year thereafter this renewal suit was brought. *Held,* that, within the meaning of the Statute of Limitations, this suit was begun within one year after "nonsuit suffered," and is not barred.

5. ————: ————: **Costs: Pleading.** The right of a nonsuited plaintiff, whose suit has been dismissed for failure to give additional security for costs, to renew his suit within one year after the nonsuit or dismissal, is not dependent on an allegation in his petition that the costs of the prior proceeding have been paid. The defendant has the right to demand, by proper motion, a stay of the proceedings until the costs are paid, and that remedy is adequate, and is not dependent on an allegation in the petition that prior costs have been paid.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

REVERSED AND REMANDED.

*J. L. Secor* and *George E. Smith* for appellant.

(1) Any plaintiff suffering a nonsuit may commence a new action from time to time, within one year after such nonsuit suffered. R. S. 1899, sec. 4285. (2) The dismissal of plaintiff's suit in her absence and entering of judgment against her for costs, without considering the merits of her case, was a nonsuit within the meaning of section 4285. Meddis v. Wilson, 175 Mo. 126; Estes v. Fry, 166 Mo. 70; Nickerson v. Peery, 163 Mo. 77; Bank v. Gray, 146 Mo. 568; Baldwin v. Davidson, 139 Mo. 118; Hewitt v. Steele, 136 Mo. 327; Chouteau v. Rowse, 90 Mo. 191; Shaw v. Pershing, 57 Mo. 416; Herring v. Ponitz, 6 Ill. App. 208; Boyce v. Snow, 187 Ill. 181; 6 Ency. Plead. and Prac., 828; Bank v. Magness, 11 Ark. 343; Belden v. Butchers U. S. H.

Co., 38 La. Ann. 391.   (3)   Being put out of court by judgment of nonsuit on the last day of the term, in her absence, so that she could not set aside judgment by motion, plaintiff is entitled under section 4285, supra, to begin this suit as she did, within the year.

*Selden P. Spencer* and *J. H. Drabelle* for respondent.

(1)   This cause of action is long since barred by the Statute of Limitations (sec. 4273, R. S. 1899).   (2) The dismissal of a case for failure to obey an order of court requiring security for costs to be given is directly authorized by statute, and is not a nonsuit.   R. S. 1899, sec. 1543; Robinson v. Transportation Co., 16 R. I. 637; Railroad v. Orr, 52 Miss. 541; Hayes v. Stewart, 23 Vt. 622; Wood on Limitations, p. 691, note 2; Angell on Limitation, sec. 327.   (3)   Plaintiff's present suit is vexatious and she is not entitled to prosecute it until the costs for the prior case have been paid; and her petition in the present case failing to show such payment of costs, does not state a cause of action.   Jones v. Barnard, 63 Mo. App. 505.

LAMM, J.—Cast on demurrer sustained to a seconded amended petition, plaintiff refused to plead over and final judgment went against her and her surety on her cost bond, and she appealed.

To get at the root of the matter, suffice it to say that the general nature and subject-matter of the litigation has once before been spread of record by this court (150 Mo. 671) and need not again be set forth further than convenient to understand the issue joined on demurrer.

The petition averred that the cause of action accrued in May, 1889, and the allegations claimed to justify the demurrer are as follows:

"Plaintiff further says that on November 22, 1890,

she commenced a suit in this court founded upon the same transactions hereinbefore set forth, and prosecuted the same in this court and the St. Louis Court of Appeals, until December 5, 1893, when she suffered a nonsuit therein; that thereafter on April 17, 1894, she filed a second suit founded on the same transaction, in the circuit court of St. Louis county, Missouri, and prosecuted the same to judgment in her favor on January 19, 1900, which judgment was afterwards, on October 6, 1900, set aside by said court's sustaining defendant's motion for a new trial without considering the merit of said motion, but solely on the ground of the death of the trial judge pending said motion; that thereafter plaintiff prosecuted said suit in said court until January 11, 1892 '(1902?)' when she suffered a nonsuit, the court dismissing her suit, in her absence, without a trial on the merits and on the last day of the term, solely for failure of plaintiff to give additional security for costs; that afterwards on April 28, 1902, the present suit was filed in this court.

"Wherefore, the premises considered, plaintiff prays judgment against defendant for six thousand and twenty dollars, the balance of the money, had and received by defendant to and for plaintiff's use, as aforesaid, with interest thereon from May 17, 1889, and for her costs herein."

The demurrer reads:

"Comes now defendant and demurs to the second amended petition in the above entitled cause for the reason that the petition does not state facts sufficient to constitute a cause of action in this that it appears upon the face of the petition that the Statute of Limitations has run against the claim as alleged in the petition."

In the St. Louis Court of Appeals in her first suit (Wetmore v. Crouch, 55 Mo. App. 441), where it went off on the pleadings, and here in her second suit (Wetmore v. Crouch, 150 Mo. 671), where it was reversed

and remanded for a new trial because the court, *nisi,* forced a nonsuit, this cause has aged somewhat in running the gamut of the courts, with changes of counsel for appellant, now and then, by way of "a new hand at the bellows."

When it went below on our mandate, a rule was entered requiring plaintiff to give additional security for costs and, on her failure to do so, the case was dismissed at the heel of the term. Within a year thereafter the present proceeding was begun, and the sole question for our consideration, under the demurrer, is whether a judgment of dismissal under such circumstances is a "nonsuit" within the purview of our statute. If the entry of dismissal be construed as a nonsuit, then section 4285, Revised Statutes 1899, applies; otherwise, the statute has run and the suit is barred by flux of time; for, assuming the cause of action to have accrued in May, 1889, it is apparent on the face of the petition that the first suit was commenced in 1890 and was pending until December, 1893, and that the second suit was commenced in April, 1894, and was dismissed for failure on January 11, 1902.

These suits, then, were begun before the Statute of Limitations ran. The present suit, however, was filed on April 28, 1902, and the Statute of Limitations had run unless arrested by the provisions of said section, which reads:

"If any action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; and if the cause of action survive or descend to his heirs, or survive to his executors or administrators, they may, in like manner, commence a new action within the time herein allowed

to such plaintiff, or, if no executor or administrator be qualified, then within one year after letters testamentary or of administration shall have been granted to him.''

A broad view of this section—a view that takes in as well the remedy to be advanced as the mischief to be retarded and that does not deal in mere "mint and anise and cummin,'' but goes to the weightier matter of the law—shows that it was in the legislative mind that a litigant should have a day in court—a trial on the merits of his cause. If the proceedings fell short of that, if the judgment was arrested, or if for plaintiff and reversed on error or appeal, ·or if some interlocutory matter supervened and thwarted a trial on the merits, then the prescribed period of the Statute of Limitations, *ex gratia,* should be extended for one year as atonement for the miscarriage of justice. It is apropos to the subject to note that the frosty attitude of courts towards statutes of limitation is attested by the earlier decisions, but all judicial frigidity has dissolved under the benignant sunlight of modern apprehension of the salutary principles underlying such laws and the experiences of commercial peoples. As said by Wood (Wood on Limitations, 3 Ed., sec. 4), ''These statutes are declared to be 'among the most beneficial to be found in our books.' 'They rest upon sound policy, and tend to the peace and welfare of society;' and are so construed as to effectuate the intention of the Legislature, although in individual cases they may produce hardship. But if parties will not settle their business matters within reasonable periods before human testimony is lost and human memory fails, on pain of losing the right to a remedy thereon, not the law, but the party, is responsible for the hardship entailed.''

But in applying this wholesome rule of construction, it will appear that all the provisions of our Statute of Limitations should be construed together and thus a liberal construction be given to effectuate the

purposes of section 4285, as a constituent part of the legislative utterance, as well as to effectuate the purposes of the other provisions of the statute. In this spirit of liberality it was early held that the section in hand applies as well to voluntary as to involuntary nonsuits. [Shaw v. Pershing, 57 Mo. l. c. 422; Briant v. Fudge, 63 Mo. l. c. 492-3; Hewitt v. Steele, 136 Mo. l. c. 333.] This view has not been entertained in some jurisdictions. For example, in Illinois, in Boyce v. Snow, 187 Ill. 181, it was held that a statute, substantially the same as ours, referred alone to involuntary nonsuits, and it must be admitted that by including voluntary nonsuits within the scope of the statute it is put within the easy power of a plaintiff, *sua sponte,* to harass a defendant with vexatious litigation, and this point was urged by counsel in the Shaw case, supra. The language of our statute is, "suffer a nonsuit." A close gloss of that phrase might very well have resulted in a holding that, by the use of the word "suffer," the idea of being subjected to a controlling force is suggested, and that nothing but an involuntary nonsuit would meet the spirit of the law, but this court, as evidence of its blandness in advancing the remedy sought, construed the statute as including both kinds of nonsuits, voluntary as well as involuntary, and has consistently maintained that position.

Again, for the purpose of advancing the remedy, this court in Chouteau v. Rowse, 90 Mo. 191, held that it was not necessary to sue within one year after the judgment of nonsuit was rendered in the circuit court, but that if the second suit was commenced within one year after such judgment on plaintiff's appeal was affirmed in this court, it was well enough. It was observed in that case, by way of subtle analysis to further the argument, that the statute does not say within one year after a nonsuit was *taken* or after a judgment for nonsuit was *entered,* but within one year after such nonsuit was *suffered,* and it was held that a party

has not suffered a nonsuit until a judgment of nonsuit is entered to the enforcement of which no legal impediment exists, which fact could not exist as long as the judgment was held up by appeal. To the same effect is Hewitt v. Steele, 136 Mo. 1. c. 334.

Coming to a closer view of the issue, and still keeping in mind the liberal tendency of this court in construing this law, it has practically been held that the word "nonsuit" in the section involved means any judgment of discontinuance or dismissal whereby the merits are left untouched, thus discarding all technical niceties in the gloss· of the word. For instance, in Meddis v. Wilson, 175 Mo. 126, a suit was disposed of by the following entry: "This cause coming on to be heard and it appearing to the satisfaction of the court that the plaintiffs herein do not appear to prosecute in this cause, it is thereupon ordered that this cause be *dismissed* for want of prosecution." It was held that such judgment of dismissal was a nonsuit within the meaning of section 4285, supra. In Weber v. Schergens, 28 Mo. App. 587, a suit was brought on a taxbill issued in 1869, which having been reversed in 1875 (59 Mo. 389) stood in the circuit court for trial *de novo* until the year 1877, "when the plaintiff voluntarily dismissed it." Judge THOMPSON, speaking for that court, held that a subsequent suit on an amended taxbill was barred because not commenced within one year after the dismissal. (p. 593.)

Persuasive authority exists elsewhere tending to the same end. For example, in Herring v. Poritz, 6 Ill. App. Ct. (Bradwell) 208, the record showed that a cause was called for trial and defendants were present by their attorneys, but that plaintiff failed to appear, either by person or attorney, and being three times called his default was entered and on motion of defendants' attorneys the suit was "dismissed" and judgment went against plaintiff for costs. The question presented was whether under the Illinois statute,

which provides that if the time limit for bringing such action shall expire during the pendency of a suit, in which plaintiff be "nonsuited," he may commence a new action within one year and not after, such entry of dismissal was an involuntary nonsuit. Following a scholarly consideration of the meaning of the word "nonsuit," wherein Bouvier's Law Dictionary, Webster's Dictionary and Blackstone were explored for light, the court arrived at the conclusion that a judgment dismissing a cause under such circumstances brought the plaintiff within the fair intendment of the law.

In Bank v. Magness, 11 Ark. 343, it was contended that a statute providing that "when a suit shall be commenced and the plaintiff suffer a nonsuit he may renew his action within twelve months from the time of such nonsuit," was not met by a judgment of dismissal. The court held that there was no substantial difference between a judgment of nonsuit and a judgment of dismissal, and that the effect of both is the same. To the same effect is Baldwin v. Davidson, 139 Mo. l. c. 126. And in Louisiana, Belden v. Butchers Union, etc., Co., 38 La. Ann. 391, a case was dismissed because of a failure to furnish a bond for costs, on motion of defendant's counsel, as we infer was the case at bar. It was held by that court that such dismissal did not constitute a voluntary abandonment of the suit as contemplated by a statute suspending prescription during the pendency of suit. And in Haldeman v. United States, 91 U. S. 584, it was held that the entry of a judgment "that the suit is not prosecuted and be dismissed" is nothing more than the record of a nonsuit. Examples of this character might be multiplied, but let the foregoing suffice for our purpose, which is to show that a judgment of nonsuit and a judgment of dismissal serve the same purpose, have the same legal effect and arrive at the same end, and hence should be

treated alike and allowed the same office in the every-day administration of the law.

Under modern practice the court, *nisi*, could have entered a nonsuit in terms or a judgment of dismissal, and this in spite of section 1543, Revised Statutes 1899, which is merely directory and was not intended to schedule all the court's power in the form of discontinuance to be employed in such instance. That the form used happened to be that of dismissal ought not to have the drastic result of stripping the plaintiff by one stroke of the pen of the benefits of section 4285, in view of our conclusion that an entry of dismissal and an entry of nonsuit are equivalent in law and practice.

Authorities indicating a contrary view have been cited by counsel for respondent and ingeniously used *arguendo*. But in the Rhode Island, Vermont and Mississippi cases relied on, the statutes were equivalent in each State, but dissimilar from ours. So, too, in an early case in Alabama, Bullock v. Perry, 2 Stew. & P. 319, the court reached a mathematical conclusion to the effect that one dismissal plus one nonsuit did not equal two nonsuits. Conceding the quaint and soothing reasoning of that learned court, in the premises, we are not persuaded to adopt the conclusion reached.

We are not unmindful of the fact that the petition pleads that plaintiff "suffered a nonsuit," but as the pleader further particularized and differentiated by describing the judgment of nonsuit to be that of a dismissal for failure to give additional security for costs, we have treated the pleading as one alleging a judgment of dismissal rather than a technical nonsuit, and this opinion must be so construed.

It is contended by the learned counsel for respondent that the petition should have alleged that the costs in the prior proceedings had been paid. A sufficient answer to this would be that the demurrer is directed to only one point, *i. e.*, that the petition on its face shows the Statute of Limitations has run. However, if

the petition had alleged that the costs were *not* paid, it would not have been fatal, because the right of defendant to have demanded, by proper motion, a stay of proceedings until such costs were paid, is a remedy warranted by law (Jones v. Barnard, 63 Mo. App. 501; Hewitt v. Steele, 136 Mo. l. c. 333; Carrier v. Railroad, 175 Mo. 470; Fox v. Dold Packing Co., 96 Mo. App. 173; Railroad v. Sweet, 103 Mo. App. 276), and seems adequate. So that, the hardships suggested by respondent can be corrected in the orderly administration of justice without necessitating a harsh construction of the statute under consideration.

The ingenious argument *ab inconvenienti* addressed to us, as a reason against the construction placed by us on section 4285, has not been overlooked, but we are persuaded that the formidable and dangerous results feared by respondent's counsel, are more imaginary than real—more in the mind's eye than otherwise. In our opinion, the court erred in sustaining the demurrer.

Wherefore, the cause is reversed and remanded for further proceedings.

All concur, except *Marshall, J.*, not sitting.