587 F.Supp. 417 (1984)
Clarice KING, Plaintiff,
v.
NASHUA CORPORATION and H.S. Crocker, Defendants.
No. 84-0573C(C).
United States District Court, E.D. Missouri, E.D.
June 21, 1984.
*418 Donald Singer, St. Louis, Mo., for plaintiff.
Joseph Mueller, St. Louis, Mo., for H.S. Crocker.
Paul Brown, St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, District Judge.
This matter is pending on plaintiff's motion to reconsider the court's orders of 12 April and 27 April 1984, granting motions to dismiss.
The relevant facts are set forth in this court's order of 12 April 1984.
Plaintiff first named the Nashua and Crocker defendants on 27 May 1982, by amending her Illinois complaint. The cause of action was barred in Illinois since it accrued prior to 27 May 1980. Illinois' two-year statute of limitations was applicable. See Kalmich v. Bruno, 553 F.2d 549, 553 (7th Cir.1977).
The plaintiff cannot relate back her Missouri filing to her Illinois filing through the Missouri non-suit statute § 516.230 R.S.Mo., since it requires the original suit to be filed within the appropriate statute of limitations. Nor will the Missouri statute of limitations be tolled by the Missouri non-suit statute, since the plaintiff did not file in Illinois by innocent mistake or good faith. See Phillips v. Whittom, 354 Mo. 964, 192 S.W.2d 856, 857 (Mo.1946). On the contrary, in the instant case, plaintiff clearly intended to institute the action in Illinois, possibly to forum shop. Therefore, Guffey v. Mehan, 457 F.2d 777, 778 (8th Cir.1972), to which plaintiff cites, is not applicable. See Singen v. Int'l Ass'n of Machinists and Aerospace Workers Dist. Lodge 837, 475 F.Supp. 663, 664 (E.D.Mo.1979).
Even if the Missouri borrowing statute were applicable, the Illinois non-suit statute could not be used to avoid the statute of limitations bar in the original suit. See Perkins v. Hendrickson Mfg. Co., 610 F.2d 469, 470 (7th Cir.1979).
Finally, plaintiff asserts that the cause of action accrued in Missouri within the statutory period. The applicable statute of limitations is not in dispute. § 516.120 R.S.Mo., providing for a five-year period, governs. Arguendo, the cause of action accrued in Missouri. Therefore, the sole remaining question is whether the cause of action accrued prior to 10 February 1979, or within the five-year statutory period. The plaintiff correctly cites the controlling law in Renfroe v. Eli Lilly & Co., 686 F.2d 642, 648 (8th Cir.1982), aff'd 541 F.Supp. 805 (E.D.Mo.1982). Renfroe simply interprets § 516.100 R.S.Mo., which provides that a "cause of action shall not be deemed to accrue when the wrong is done ... but when the damage resulting therefrom is sustained and is capable of ascertainment." The court in Renfroe cites Krug v. Sterling Drug, Inc., 416 S.W.2d 143 (Mo.1967), in which the plaintiff was found incapable of ascertaining the cause of her injury since her doctor was unaware of the cause until certain medical literature was published. In the instant case, plaintiff alleges that she did not discover *419 the defendant Nashua's product was a cause of her illness until 1980. If the cause was not capable of ascertainment until that date, the statute of limitations would not be a bar to the action. Renfroe. However, there were articles published as early as 1975 alleging a correlation between the use of products such as Nashua's and injuries such as plaintiff's. The articles even named the symptoms and illness "meat wrappers' asthma." Further, in 1978, plaintiff consulted with Dr. Eric Block who was aware of the articles, as evidenced by a bibliography written by him. The cause of the plaintiff's injury was certainly capable of ascertainment when Dr. Block, who had read pertinent articles, was hired in 1978. District Judge Fillipine in Renfroe, supra, cited Krug v. Sterling Drug, Inc., in which the court found that a party was bound to have knowledge of ascertaining the cause of the injuries by the time the specialist had read published articles relating to the injury. Therefore, the result in Renfroe would be inappropriate here, since the plaintiff knew, through her own expert witness, of the cause of the injury, and should have brought suit against the present defendants at that time.
The five-year limitation period set forth in § 516.120 R.S.Mo. is a bar to this action. While the plaintiff did not file against Nashua and Crocker until after the Missouri period of limitation had run, there appears no reason for this error.
For the foregoing reasons, plaintiff's motion to reconsider will be denied.