**Clarice KING, Appellant,**

v.

**NASHUA CORPORATION and H.S. Crocker, Appellees.**

**No. 84–1918.**

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1985.

Decided May 30, 1985.

Rehearing and Rehearing En Banc Denied July 5, 1985.

Donald S. Singer, St. Louis, Mo., for appellant.

Charles Reis and Robin Fox, St. Louis, Mo., for appellees.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and WOODS,* District Judge.

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

LAY, Chief Judge.

This is an appeal from the dismissal of Clarice King's claims of personal injury brought against Nashua Corporation (Nashua) and H.S. Crocker, Inc. (Crocker). The federal district court, the Honorable James H. Meredith, held that King's claims were barred by both the Illinois and Missouri statutes of limitation. *King v. Nashua Corp.*, 587 F.Supp. 417 (E.D.Mo.1984). Upon review we affirm the orders of dismissal of the district court.

King was a meat wrapper for some twenty-six years. She resided in Missouri and worked at A & P stores in that state. In February 1977, King was transferred to the A & P store in Alton, Illinois. She collapsed in July 1977 and was hospitalized with a respiratory illness. In April 1978, King filed suit in Madison County, Illinois, Circuit Court. She named as defendants the manufacturers of the plastic meat wrap. Although King consulted with Dr. Eric Block in 1978, she asserts that she did not learn her injuries may have been caused by fumes from the thermal labels, rather than the plastic wrap, until 1982. In May 1982 King filed an amended complaint in the Illinois state court naming Nashua and Crocker, label manufacturers, as defendants. These defendants moved to dismiss on the ground that the Illinois two year statute of limitations had run. On February 4, 1983, before the Illinois circuit court ruled on the matter, King dismissed her suit without prejudice. The present suit was filed in Missouri state court on February 3, 1984 and subsequently removed to the United States District Court for the Eastern District of Missouri on the basis of diversity of citizenship of the parties. Nashua and Crocker have renewed their motion to dismiss on the ground that the statute of limitations has run.

The district court construed Mo. Rev.Stat. § 516.100 as meaning a cause of action accrues when (1) the plaintiff's injury is reasonably discoverable, and (2) the plaintiff knows, or should know, the cause of her injury. *See Renfroe v. Eli Lilly & Co.*, 686 F.2d 642, 648 (8th Cir.1982). Section 516.100 states that a cause of action accrues when the damage "is sustained and is capable of ascertainment * * *." The Missouri courts have made it clear that the statute focuses on the damage and not the discovery of its cause. *Jepson v. Stubbs*, 555 S.W.2d 307, 312–13 (Mo.1977) (en banc); *Lato v. Concord Homes, Inc.*, 659 S.W.2d 593, 594–95 (Mo.Ct.App.1983). *See also Chemical Workers Basic Union, Local No. 1744 v. Arnold Savings Bank*, 411 S.W.2d 159, 163–65 (Mo.1966). The Missouri decisions emphasize that a cause of action accrues when the injury is manifested. However, there are certain exceptional cases where the court may expand the meaning of section 516.100.

In *Renfroe*, the chain of causation was somewhat attenuated. The plaintiffs' mothers had taken diethylstilbestrol (DES) while pregnant and, as a result, plaintiffs were subject to *in utero* exposure to DES. About twenty years later, plaintiffs were found to have cervical cancer and doctors suggested it might be linked to the mother's DES use. This court agreed with the district court that it would be unfair to hold the cause of action arose when the cancer was first manifested because, at that time, no one in the medical community knew of the DES-cervical cancer link. *See Renfroe*, 686 F.2d at 647. Finding support under *Krug v. Sterling Drug, Inc.*, 416 S.W.2d 143 (Mo.1967), we concluded that the statute of limitations did not begin to run at the time the injury was discovered if it was impossible to ascertain the likely cause of the injury. *Renfroe*, 686 F.2d at 648. *See also Krug*, 416 S.W.2d at 148–50. This is not the situation in the present case. Although King may not have discovered her injuries were likely caused by the thermal labels until 1982, the medical community was aware of the causation link as early as 1975. *See, e.g., Meatwrappers' asthma—an appraisal of a new occupational syndrome*, 55 J. Allergy Clin. Immunol. 130 (1975); *Asthma linked to labels*, 116 Chemical Week 18 (Feb. 26, 1975); Andrasch & Bardana, *Thermoactivated Price-Label Fume Intolerance: A Cause of Meat-Wrappers Asthma*, 235 J.A.M.A. 937

(1976). Thus, we find *Renfroe* to be distinguishable and we therefore apply section 516.100 as it is normally interpreted by the Missouri courts.

The issue is when was King's damage capable of ascertainment. *Jepson,* 555 S.W.2d at 312–13. *See also DePaul Hospital School of Nursing, Inc. v. Southwestern Bell Telephone Co.,* 539 S.W.2d 542, 546–47 (Mo.Ct.App.1976). The record shows King was exposed to the fumes from thermal labels throughout the 1960s and up to July 1977. We conclude her cause of action did not accrue until July 1977 when King fell ill and her injury became capable of ascertainment. For this reason, we hold the statute of limitations commenced running in July 1977 and expired in July 1982. We agree with the district court that the present action in Missouri, commenced in February 1984, was barred by Mo.Rev.Stat. § 516.100.

■■■ Counsel argues, however, that even if the statute of limitations had run in Missouri by February 1984, King's claim should not be dismissed because of the Missouri savings statute, Mo.Rev.Stat. 516.230.[1] It is urged that King filed the Missouri state court action within one year of her non-suit in Illinois and therefore, under the Missouri savings statute, her action was timely brought since King first joined Nashua and Crocker in the Illinois suit in May 1982. The statute of limitations would not be a bar if the Missouri savings statute is applicable to actions filed and non-suited in another state.

There is no Missouri caselaw on this point. The district court held: "The Missouri savings statute has application only where the first action had [sic] been filed within Missouri; and specifically the Missouri savings statute is without application where the first suit was filed in another state." We generally defer to the district court's interpretation of local law. In this case, although the district court cited no Missouri authority, it appears the court was following the majority of states which have addressed the issue. *See Graham v. Ferguson,* 593 F.2d 764, 766 (6th Cir.1979) (Tennessee law); *Royal-Globe Ins. Co. v. Hauck Manufacturing Co.,* 233 Pa.Super. 248, 335 A.2d 460, 462 (1975); *Andrew v. Bendix Corp.,* 452 F.2d 961, 963–64 (6th Cir.1971), *cert. denied,* 406 U.S. 920, 92 S.Ct. 1773, 32 L.Ed.2d 119 (1972) (Ohio law); *High v. Broadnax,* 271 N.C. 313, 156 S.E.2d 282, 284 (1967); *C & L Rural Electric Cooperative Corp. v. Kincade,* 175 F.Supp. 223, 227 (N.D.Miss.1959), *aff'd,* 276 F.2d 929 (5th Cir.1960) (Mississippi law); *Baker v. Commercial Travelers Mutual Accident Association,* 3 A.D.2d 265, 161 N.Y.S.2d 332, 334 (N.Y.App.Div.1957); *Morris v. Wise,* 293 P.2d 547, 550–51 (Okla. 1955); *Ockerman v. Wise,* 274 S.W.2d 385, 386–87 (Ky.1954); *Riley v. Union Pacific Railroad,* 182 F.2d 765, 767 (10th Cir.1950) (Wyoming law). *But see Prince v. Leesona Corp.,* 720 F.2d 1166, 1169 (10th Cir. 1983) (Kansas law); *Allen v. Greyhound Lines, Inc.,* 656 F.2d 418, 423 (9th Cir.1981) (Montana law); *Stare v. Pearcy,* 617 F.2d 43, 45 (4th Cir.1980) (West Virginia law); *Leavy v. Saunders,* 319 A.2d 44, 48 (Del. Super.Ct.1974); *Cook v. Britt,* 8 Ill.App.3d 674, 290 N.E.2d 908, 911 (1972); *Abele v. A.L. Dougherty Overseas, Inc.,* 192 F.Supp. 955, 957 (N.D.Ind.1961) (Indiana law). The cases relied upon by plaintiff are inapposite. *Guffey v. Mehan,* 457 F.2d 777 (8th Cir.1972) involved a filing and dismissal in Missouri state court followed by a timely re-filing under section 516.230 in the United States District Court for the Eastern District of Missouri. And in *Turner v. Missouri-Kansas-Texas Railroad,* 346 Mo. 28, 142 S.W.2d 455 (Mo.1940), although the plaintiff's injury occurred in Kansas and the Kansas statute of limitations was ap-

---

1. **516.230. Further savings in cases of non-suits, etc.**

   If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him,

the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed * * *.

plied, the first action was brought in Missouri state court. After a voluntary dismissal the plaintiff re-filed in Missouri state court and the predecessor of section 516.230 was applied to toll the statute of limitations at the time of the original filing. Neither *Guffey* nor *Turner* are contrary to the district court's conclusion that section 516.230 is not applicable to actions commenced in another state. We decline to second-guess the district court's conclusion on this issue of Missouri law.

King's action against the defendants accrued in July 1977. Since the applicable Missouri statute of limitations, section 516.-100, is five years, the present suit was filed out of time. Plaintiff's action is not saved by section 516.230 because the May 1982 joinder of defendants occurred in Illinois and section 516.230 is not applicable to actions commenced in other states. The orders of the district court dismissing this case are affirmed.