**MIZOKAMI BROS. OF ARIZONA, INC., Appellant,**

v.

**MOBAY CHEMICAL CORPORATION, Appellee.**

**No. 85–1973.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1986.

Decided Aug. 22, 1986.

Major W. Park, Jr., Kansas City, Mo., for appellant.

---

Stephen W. Jacobson, Kansas City, Mo., for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and HARPER,[*] Senior District Judge.

WOLLMAN, Circuit Judge.

Mizokami Bros. of Arizona, Inc., appeals the entry of a directed verdict against it when, after more than eleven years of litigation (including two appeals) in three different forums, it finally obtained a trial on the merits of its claim against Mobay Chemical Corporation. Mizokami asserts that the district court erred in refusing to permit Mizokami to amend its complaint, in finding Mizokami's evidence insufficient, and in applying the law of Mexico. Mobay in defense raises the statute of limitations, *see Wycoff v. Menke*, 773 F.2d 983, 985–86 (8th Cir.1985) (no cross-appeal necessary to raise limitations issue in defense of judgment below), *cert. denied*, — U.S. —, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986), and we affirm on that ground.

The underlying dispute between Mizokami and Mobay dates to March 1973, when some vegetables imported by Mizokami from Mexico were impounded and destroyed by U.S. Food and Drug Administration (FDA) agents because the vegetables contained traces of a pest control chemical for which FDA approval had not yet been obtained. Mizokami's general contention is that Mobay, the manufacturer of the chemical, through its parent company and another subsidiary induced farmers in Mexico to use the chemical despite its knowledge that the produce was intended for the United States and the chemical had not yet been approved. Mizokami's first suit, filed in October 1973 in U.S. District Court for the District of Arizona—the jurisdiction in which Mizokami is incorporated and in which the impoundment occurred—was dismissed pursuant to the doctrine of forum non conveniens. *See Mizokami Bros. of Arizona, Inc. v. Baychem Corp.*, 556 F.2d 975 (9th Cir.1977) (per curiam), *cert. de-*

*nied*, 434 U.S. 1035, 98 S.Ct. 770, 54 L.Ed.2d 783 (1978).

In March 1978, promptly upon the resolution of its appeal of the Arizona dismissal, Mizokami filed suit in the Western District of Missouri. The court there granted summary judgment in favor of Mobay on the ground that the earlier forum non conveniens determination, which included suggestions that Mexico was the proper forum, was preclusive on the issue of whether Missouri was a convenient forum. *Mizokami Bros. of Arizona, Inc. v. Mobay Chemical Corp.*, 483 F.Supp. 201 (W.D.Mo.1980). A panel of this court rejected that argument but agreed with the district court's alternate finding that the relevant factors pointed toward Mexico as the appropriate forum. *Mizokami Bros. of Arizona, Inc. v. Mobay Chemical Corp.*, 660 F.2d 712 (8th Cir.1981). The district court on remand, however, was ordered to make any dismissal conditional on the availability of an alternate forum; and when Mexican courts on three occasions refused to hear Mizokami's claims, discovery commenced in the Western District of Missouri. The trial on which this appeal is based was held in May 1985.

The parties agree that a three-year statute of limitations (borrowed from Arizona) governs this action. Although the Missouri suit was not filed until five years after the cause of action accrued, Mizokami argues that that filing was still timely under the Missouri statute of limitations savings statute, Mo.Ann.Stat. § 516.230 (Vernon 1952), which provides that a plaintiff suffering a nonsuit may refile within one year.

Shortly after the conclusion of the trial in this case, however, a panel of this court issued its opinion in *King v. Nashua Corp.*, 763 F.2d 332 (8th Cir.1985), interpreting section 516.230 to apply only to cases originally filed in Missouri. Thus, a plaintiff who had voluntarily dismissed a suit filed in Illinois was not given the advantage of the one-year grace period for refiling; rath-

---

[*] The HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

er, the timeliness of the subsequent Missouri suit was measured from the time at which the cause of action had accrued. *Id.*

Mizokami asks us to distinguish *King*, offering two reasons why the savings statute would not have applied even if the plaintiff's original action had been filed in Missouri. First, Mizokami asserts, the plaintiff in *King* by taking a voluntary rather than involuntary dismissal did not suffer a "nonsuit" within the meaning of section 516.230, and second, Mizokami observes, the plaintiff's Illinois action (at least as to additional parties added by amendment) was not itself timely filed. The Missouri courts, however, have long interpreted the state's savings statute as applying to voluntary as well as involuntary nonsuits, *see Wetmore v. Crouch*, 188 Mo. 647, 87 S.W. 954, 955 (1905); and although the untimeliness of the Illinois amended complaint might have provided an alternate basis for the decision in *King*, it was not the ground on which the panel relied. *See* 763 F.2d at 334–35. We cannot avoid our obligation to follow the clear holding of a prior panel merely by noting that an alternate ground which might have been available—but was not even discussed—is not available here. We assume that the panel said what it meant and meant what it said.

Similarly, we reject Mizokami's argument that because the panel in *King* did not so much endorse the rule of Missouri law as merely defer to the district court's interpretation thereof, *id.* at 334, we should likewise defer to the decision of the district court here, on Mobay's motion for directed verdict, that the Missouri savings statute would apply to make Mizokami's action timely. A decision of a panel of this court is the law of the circuit; and even if, given a fresh slate, we might have reached a different conclusion regarding Missouri law, we are compelled to follow the decision of the prior panel. *See Dudley v. Dittmer*, 795 F.2d 669, 673–74 (8th Cir. 1986); *United States v. Norton*, 780 F.2d 21, 23 (8th Cir.1985); *Womens Services v. Thone*, 690 F.2d 667, 668 (8th Cir.1982) (per curiam), *vacated on other grounds*, 462

U.S. 1126, 103 S.Ct. 3102, 77 L.Ed.2d 1358 (1983).

The judgment is affirmed.