Royce **MUZINGO** and Diantha Muzingo, Plaintiffs–Appellants,

v.

Jeffrey **VAUGHT**, Defendant–Respondent.

No. 19454.

Missouri Court of Appeals, Southern District, Division One.

Oct. 17, 1994.

Motion for Rehearing or Transfer Denied Nov. 8, 1994.

Application to Transfer Denied Dec. 20, 1994.

694

Bruce C. Jackson, Jr., Yonke, Arnold, Newbold & Regan, P.C., Kansas City, for appellants.

Paul Hasty, Jr., Wallace, Saunders, Austin, Brown and Enochs, Chartered, Kansas City, for respondent.

FLANIGAN, Judge.

On September 6, 1987, a collision occurred between two motor boats on the Lake of the Ozarks in Camden County. One of the boats was operated by plaintiff Royce Muzingo, and plaintiff Diantha Muzingo, his wife, was a passenger in that boat. The other boat was operated by defendant Jeffrey Vaught.

On September 3, 1992, the Muzingos filed suit against Vaught in the District Court of Wyandotte County, Kansas, for personal injuries and property damage allegedly resulting from Vaught's negligent operation of his boat. Vaught moved to dismiss the Kansas action on the ground that it was barred by the Kansas two-year statute of limitations for tort actions. On February 26, 1993, the district court dismissed the Kansas action as untimely filed. On September 24, 1993, on appeal by the Muzingos, the Court of Appeals of Kansas affirmed the dismissal. *Muzingo v. Vaught,* 18 Kan.App.2d 823, 859 P.2d 977 (1993). The court said that the "sole issue on appeal" was whether Kansas's two-year statute of limitations or Missouri's five-year statute of limitations, § 516.120,[1] applied to the action, and held that the Kansas statute applied.

On October 27, 1993, the Muzingos filed the instant action against Vaught in the Circuit Court of Camden County, seeking recovery on the same claims they asserted in the Kansas action. Vaught filed a motion to dismiss the action on the ground that it was barred by the five-year limitation contained in § 516.120. The trial court sustained the motion. Plaintiffs appeal.

Plaintiffs contend that the trial court erred in entering the order of dismissal because they filed the Missouri action within one year following dismissal of the Kansas action, the Kansas action was commenced within the five-year limitation contained in § 516.120, and they are entitled to the benefit of § 516.230, the Missouri "savings statute."

■ In reviewing the order of dismissal, this court must affirm if the dismissal can be sustained on any ground which is supported by the motion to dismiss, regardless of whether the trial court relied on that ground. *Property Exchange & Sales, Inc. v. King,* 822 S.W.2d 572, 573[1] (Mo.App.1992). "If it clearly appears from the petition that the cause of action is barred by limitations, a motion to dismiss is properly sustained." *Hall v. Smith,* 355 S.W.2d 52, 55[2] (Mo. 1962).

For the reasons which follow, this court holds that this action was barred by the five-year limitation contained in § 516.120 and that plaintiffs are not entitled to the benefit of § 516.230, the savings statute, even though the Missouri action was filed within

1. All references to statutes are to RSMo 1986, V.A.M.S.

one year after the Kansas litigation ended. It is, accordingly, unnecessary to determine the validity of the alternate ground, res judicata, which defendant included in his motion.

Section 516.120, the five-year statute of limitations, provides, as applicable here, to "(4) [a]n action for ... injuring any ... chattels, ..., or for any other injury to the person ... of another, not arising on contract and not herein otherwise enumerated."

■ Section 516.230 reads, in pertinent part:

"If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; ...."

Here there has been no verdict or judgment for plaintiffs. The Missouri action was filed more than five years after the boat collision which gave rise to plaintiffs' claims. In order for § 516.230 to be of avail to plaintiffs, it would be necessary for this court to find: (a) § 516.230 applies when the first action was filed in Kansas; (b) the first action was "commenced within the times respectively prescribed in sections 516.010 to 516.370"; (c) plaintiffs suffered nonsuit in the first action;[2] (d) plaintiffs commenced a new action "from time to time, within one year after such nonsuit suffered." For the reasons which follow, this court holds that factor (a) does not exist. There is no need to determine whether the other factors are present.

The United States Court of Appeals for the Eighth Circuit has held, in actions based on Missouri law, that § 516.230 applies only when the first action was filed in Missouri and is not applicable where the first action is filed in another state. *Mizokami Bros. of*

Ariz., Inc., v. Mobay Chemical Corp., 798 F.2d 1196, 1197–1198 (8th Cir.1986); *King v. Nashua Corp.*, 763 F.2d 332, 334–335[4] (8th Cir.1985). In *King,* the court affirmed the holding of the trial court that § 516.230 did not apply to save a Missouri action from the bar of the statute of limitations where the first suit was filed in Illinois. The court said that the district court "was following the majority of states which have addressed the issue."

■ Although this court is not bound by decisions of the Eighth Circuit interpreting Missouri law, those decisions are entitled to respectful consideration. The holdings in *Mizokami* and *King* are in accord with the following decisions which hold that a plaintiff, seeking to invoke the savings statute of the forum in order to avoid the bar of the statute of limitations, may not rely upon a nonsuit in an earlier action brought in another state. *Graham v. Ferguson,* 593 F.2d 764, 766[2] (6th Cir.1979) (Tennessee law); *Andrew v. Bendix Corp.,* 452 F.2d 961, 963–964[2] (6th Cir.1971), cert. denied, 406 U.S. 920, 92 S.Ct. 1773, 32 L.Ed.2d 119 (1972) (Ohio law); *Riley v. Union Pacific Railroad,* 182 F.2d 765, 767[1–2] (10th Cir.1950) (Wyoming law); *C & L Rural Electric Cooperative Corp. v. Kincade,* 175 F.Supp. 223, 227[5–6] (N.D.Miss. 1959), aff'd, 276 F.2d 929 (5th Cir.1960) (Mississippi law); *Ockerman v. Wise,* 274 S.W.2d 385, 386–387[1–2] (Ky.1954); *Baker v. Commercial Travelers Mutual Accident Association,* 3 A.D.2d 265, 161 N.Y.S.2d 332, 334[1–4] (N.Y.App.Div.1957); *Howard v. Allen,* 30 Ohio St.2d 130, 283 N.E.2d 167 (1972); *Morris v. Wise,* 293 P.2d 547, 550–551[5–6] (Okla. 1955); *Royal–Globe Ins. Co. v. Hauck Manufacturing Co.,* 233 Pa.Super. 248, 335 A.2d 460, 462[2–3] (1975). See 51 Am.Jur.2d *Lim. of Act.* § 306; Ann: 55 A.L.R.2d 1038; 54 C.J.S. *Lim. of Act.* § 243.

In *Graham* the court said, at 766: "It is contrary to the policy effectuated by the statutes of limitations to permit plaintiffs to

---

2. Cases discussing what constitutes a "nonsuit," as used in § 516.230, include: *Rainwater v. Wallace,* 351 Mo. 1044, 174 S.W.2d 835, 838[2–4] (Mo.1943); *Turner v. Missouri–Kansas–Texas R. Co.,* 346 Mo. 28, 142 S.W.2d 455, 459[8] (1940); *Anderson v. Asphalt Distributing Co.,* 55 S.W.2d 688, 691–692[2] (Mo.1932); *Scanlon v. Kansas City,* 325 Mo. 125, 28 S.W.2d 84, 93[10] (1930); *Britton v. Hamilton,* 740 S.W.2d 704, 705–706[1–4] (Mo.App.1987); *Pennyrich, Inc. v. Lawton–Byrne–Bruner Ins.,* 613 S.W.2d 473, 474[2] (Mo. App.1981).

file suits wherever they choose, simply to preserve a claim."

Contrary to the foregoing authorities, the following cases hold that a savings statute of the forum state may be invoked where the first action, which resulted in a nonsuit, was brought in another state. *Technical Consultant Services v. Lakewood Pipe,* 861 F.2d 1357, 1361[1] (5th Cir.1988) (Texas law); *Prince v. Leesona Corp., Inc.,* 720 F.2d 1166, 1169[2] (10th Cir.1983) (Kansas law); *Long Island Trust Co. v. Dicker,* 659 F.2d 641, 645–647[1] (5th Cir.1981) (Texas law); *Allen v. Greyhound Lines, Inc.,* 656 F.2d 418, 423[6] (9th Cir.1981) (Montana law); *Stare v. Pearcy,* 617 F.2d 43, 44–46 (4th Cir.1980) (West Virginia law); *Templer v. Zele,* 166 Ariz. 390, 803 P.2d 111, 112[1] (App.1990); *Nichols v. Canoga Industries,* 83 Cal.App.3d 956, 148 Cal.Rptr. 459, 463[3] (1978); *Cook v. Britt,* 8 Ill.App.3d 674, 290 N.E.2d 908, 909[1] (1972). In *Allen,* at 420, the court said that the majority view is that savings statutes do not apply when the prior action was initiated in another state, "but a significant and growing minority adopt the more liberal interpretation."

Various arguments have been advanced in support of the minority view. They include:

Savings statutes are remedial in nature and require a liberal construction. *Technical Consultant Services,* at 1360; *Long Island Trust Co.,* at 646–647; *Cook,* 290 N.E.2d at 910.

"Absent compelling precedent from a state, we see no reason to follow old dicta when virtually every state has a savings statute and no significant policy would be advanced by holding such a statute inapplicable to actions originally filed in sister states. Defendant here was put on notice of the action in a timely manner and there was no more delay involved than if the action had been filed in the forum state and dismissed there for procedural reasons. Nor would holding that a savings statute is inapplicable to actions filed in sister states further any policy of the forum state to protect its citizens from discrimination by other states." *Prince,* at 1169.

The savings statute involved [Texas] does not expressly limit its application to a prior action filed in Texas—it simply refers to a dismissal in the trial court. "[A]ccordingly, given its ordinary and most natural meaning, it must be taken to refer to *any* trial court." *Long Island Trust,* at 646.

"To the extent that forum shopping occurs, however, it is unlikely to be affected significantly by either interpretation of the saving statute." *Allen,* at 422.

"Of course, there would be a problem if the statute of limitations in the state of first filing was longer than that of the state of second filing and the period of the latter statute had run when the foreign action was first filed, but that is a problem which should be capable of resolution under principles of conflict of laws, or, more likely, by construing the savings statute as applying only when the first action was commenced within the period limited by the statute of the forum state." *Stare,* at 45.

"As stated by Justice Cardozo, 'The [saving] statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.' The purpose of statutes of limitation is to give defendants reasonable and timely notice of the claim against them. This purpose is not negated by applying the saving statute to cases commenced outside Arizona." *Templer,* 803 P.2d at 112 (citations omitted).

In *Stare,* Senior Circuit Judge Field filed a dissenting opinion in which he said that his colleagues, in adopting the minority view, had rejected "the general rule which has been followed in an almost unbroken line of decisions of both state and federal appellate courts." Judge Field also said, at 47–48: "[T]he rule adopted by the majority would permit a party to file an action in any one of the other forty-nine states without semblance of jurisdiction, venue, or personal service, and thereby extend the West Virginia period of limitations indefinitely.... Such a rule is

hardly consistent with the principle that a statute of limitations is a 'statute of repose.' "

In all of the foregoing cases supporting the minority view, except *Allen*, the original action was timely. In *Allen*, the cause of action arose in Idaho. The first suit was filed in Utah, and the second suit was filed in Montana. The first suit was untimely under the Idaho statute of limitations, but was timely under the Utah statute of limitations. The court held that the Montana savings statute, which required that the first suit be "commenced within the time limited therefor," referred to Montana's statute of limitations, and not the state statute of limitations which governed the first action, (Idaho).

Because this court holds that § 516.230 may not be invoked where, as here, the prior action was filed in a sister state, it is unnecessary to determine whether the untimeliness of the Kansas action is an additional reason for upholding the dismissal. If this court saw fit to adopt the minority view, it would require a holding that the Muzingos, by reason of the outcome of the Kansas action, suffered a "nonsuit" as that term is used in § 516.230. Difficulties lie therein.

This court, in *Webb v. Mayuga*, 838 S.W.2d 96 (Mo.App.1992), a case where § 516.230 was properly invoked because the prior action had also been filed in Missouri, said, at 98:

"Where a *timely* suit is filed and subsequently nonsuited, the plaintiff may thereafter refile the same cause of action within one year after the nonsuit. *U.S. Laminating Corp. v. Consolidated Freightways Corp.*, 716 S.W.2d 847, 850[5] (Mo.App.1986); *Seewald v. Gentry*, 220 Mo.App. 367, 286 S.W. 445, 455[22] (1926)." (Emphasis added.)

In order for § 516.230 to be invoked, the first action must be timely, that is, the action "shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370." § 516.230. If an action is brought in Missouri, and is properly dismissed because barred by the applicable statute of limitations contained in §§ 516.010 to 516.370, a plaintiff could not avail himself of § 516.230 and refile the action within a year.

The dismissal of an untimely Missouri action would not implicate § 516.230.

Could it reasonably be argued that dismissal of an untimely Kansas action would implicate § 516.230 because the action would have been timely if filed in Missouri? It seems unlikely that the legislature had such a situation in mind when it enacted § 516.230 and required that the first action shall have been commenced within the times respectively *prescribed* in §§ 516.010 to 516.230. That requirement has been in the statute, in essentially the same language, since 1857 (Laws 1857, First Sess. p. 79, § 3). Those limitation statutes, in and of themselves, do not have extraterritorial effect. Missouri statutes, of the type involved here, do not prescribe times for actions to be filed in other states. It is unlikely that the minority view accords with the legislative intent.

This court holds that § 516.230 may be invoked only when the first action, in which plaintiff suffered a nonsuit or the arresting or reversal of a judgment for him, was filed in Missouri and may not be invoked when the first action was commenced in another state. *Mizokami Bros. of Ariz.; King.*

The judgment is affirmed.

MONTGOMERY, J., concurs.

SHRUM, C.J., dissents and files dissenting opinion.

SHRUM, Chief Judge, dissenting.

I respectfully dissent.

As stated in the majority opinion, a "savings statute" has long been part of Missouri's law. Historically, our supreme court has stated that such legislation is to be applied in a "spirit of liberality." *Wetmore v. Crouch*, 188 Mo. 647, 87 S.W. 954, 955 (1905). In describing its "liberal tendency ... in construing this law," the *Wetmore* court said:

"[I]t has practically been held that the word 'non-suit' in the section involved means *any judgment* of discontinuance or dismissal whereby the merits are left untouched, thus discarding all technical niceties ... of the word [non-suit]."

*Id.* (emphasis added). *See also Thomas v. Sterling Finance Co.*, 180 S.W.2d 788, 793

(Mo.App.1944) (Holding, savings statute is highly remedial; should receive a liberal construction; should not be interpreted in such a way as to defeat the beneficent purposes of its enactment).

Being constrained to liberally construe and apply § 516.230, I would hold that Missouri's savings statute applies to actions that have been first commenced outside of Missouri, thus joining the "significant and growing minority [that have adopted] the more liberal interpretation." *See Allen v. Greyhound Lines, Inc.,* 656 F.2d 418, 420 (9th Cir.1981). The principal opinion sets forth many of the arguments advanced in support of the minority view. I find such arguments militate in favor of our adopting the minority view. Especially persuasive is the argument that if § 516.230 is "given its ordinary and most natural meaning, it must be taken to refer to [nonsuit in] *any* trial court." *See Long Island Trust Co. v. Dicker,* 659 F.2d 641, 646 (5th Cir.1981) (emphasis in original). Our savings statute is not limited by its terms to a nonsuit that occurs in this jurisdiction, but rather applies to "*any judgment* of discontinuance or dismissal whereby the merits are left untouched." *Wetmore,* 87 S.W. at 955. I read *Wetmore* as indicating that the view I take of this issue is the appropriate one.

In *Stare v. Pearcy,* 617 F.2d 43 (4th Cir. 1980), Chief Judge Haynsworth observed:

"In none of those cases [holding that a savings statute does not apply if the original suit was commenced in another jurisdiction] is there any reasoned explanation for such a rule. They suggest no rational basis for a distinction, saving a second case if the plaintiffs' first frustrated effort was commenced in one forum but not if it was commenced in another."

*Id.* at 44–45. Among the cases referred to by Judge Haynsworth are *Andrew v. Bendix Corp.,* 452 F.2d 961 (6th Cir.1971); *Riley v. Union Pac. R.R.,* 182 F.2d 765 (10th Cir. 1950); and *Morris v. Wise,* 293 P.2d 547 (Okla.1955), each of which is cited in the principal opinion as supporting the "majority view." I agree with Judge Haynsworth's observation about those cases.

The principal opinion gives "respectful consideration" to the interpretations of Missouri law in *Mizokami Bros. of Ariz., Inc. v. Mobay Chemical Corp.,* 798 F.2d 1196 (8th Cir. 1986), and *King v. Nashua Corp.,* 763 F.2d 332 (8th Cir.1985). I would assign those opinions to Judge Haynsworth's category of cases that offer no "reasoned explanation" and have "no rational basis for a distinction." In *Mizokami Bros.,* the court, referring to *King,* offered this reason for its holding:

"A decision of a panel of this court is the law of the circuit; and even if, given a fresh slate, we might have reached a different conclusion regarding Missouri law, we are compelled to follow the decision of the prior panel."

798 F.2d at 1198.

In *King,* the circuit court, noting "[t]here is no Missouri caselaw on this point," simply deferred to the district court's interpretation of Missouri law. 763 F.2d at 334[3–4]. In a memorandum opinion, the district court in *King,* 587 F.Supp. 417 (E.D.Mo.1984), without discussion, simply stated that § 516.230 "requires the original suit to be filed within the appropriate [i.e. Illinois] statute of limitations." 587 F.Supp. at 418[1].

With respect to the issue at hand, *Mizokami Bros.,* 798 F.2d 1196, *King,* 763 F.2d 332, and *King,* 587 F.Supp. 417, have feet of clay. They should not be regarded as the reasoned authority that should govern an issue as important as the one before this court.

Fundamental fairness and basic justice require that litigants, such as the Muzingos, have their claims tried and decided on their merits and not disposed of on a procedural technicality. *Cook v. Britt,* 8 Ill.App.3d 674, 290 N.E.2d 908, 910 (1972). Giving § 516.230 the liberal construction required, I would hold that the plaintiffs' action in Camden County, Missouri, was filed in time.