411 P.2d 826

**SECURITY–CONNECTICUT COMPANIES, a Connecticut corporation, Appellant,**

v.

**GRAND–AIR METAL PRODUCTS, an Arizona corporation, Appellee.**

**I CA–CIV 93.**

Court of Appeals of Arizona.

March 8, 1966.

Moore, Romley, Kaplan, Robbins & Green, by Kenneth J. Sherk, Phoenix, for appellant.

Sexton & Meier, by Edward V. Sexton, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from a judgment against the defendant bonding company upon a contractor's bond filed pursuant to 32–1152 A. R.S., as amended 23 March, 1961.

We are called upon to determine whether the one year statute of limitations as provided in 32–1152 A.R.S., commences to run from the date the last items were furnished to the contractor by the supplier during the period the bond was in force, or from the date of the cancellation by the surety of the bond. The facts necessary for a determination of this matter are contained in an agreed statement prepared and filed pursuant to Rule 76 of the Arizona Rules of Civil Procedure, 16 A.R.S.

Defendant, Security-Connecticut Company, was the surety for the Tri-State Building Company upon a $2,000.00 contractor's bond filed with the Arizona Registrar of Contractors as required by 32–1152, subsec. D. Plaintiff, Grand-Air Metal Products, was a supplier of materials to Tri-State Building Company. Grand-Air Metal Products commenced supplying materials to Tri-State Building Company on or about 28 February 1961, and continued supplying materials to Tri-State until 22 March, 1963. We are concerned primarily with the goods and materials furnished to Tri-State during

the time the bond was in force. The agreed statement of facts shows that Grand-Air Metal Products supplied some 12 items during the period that the bond was in force, totalling some $2,150.20.

Defendant surety company filed its bond on 10 July, 1961, with the Registrar of Contractors, and on 14 July, 1962, the bond was cancelled. Therefore, the important dates are as follows:

1. 28 February, 1961, first item on open account.

2. 10 July, 1961, bond executed and posted with Arizona Registrar of Contractors.

3. 30 April, 1962, last item furnished on open account during time bond in force. Total of goods furnished during time covered by bond $2,150.20.

4. 14 July, 1962, bond cancelled.

5. 30 October, 1962, additional items furnished on open account being the first additional items since 30 April, 1962.

6. 22 March, 1963, last item furnished on open account.

7. 18 June, 1963, Grand-Air filed suit against defendant and surety.

The applicable portion of 32–1152, subsection D reads as follows:

"The bonds required by this chapter shall be in favor of the state for the benefit of any person covered by this subsection. The bond shall be subject to claims by any person who, after entering into a construction contract with the principal is damaged by the failure of the principal to perform the contract or by any person furnishing labor or materials used in the direct performance of a construction contract. The persons claiming against the bond or cash deposit may maintain an action at law against the contractor and the surety or the depository and the bond or depository may be sued upon in successive actions until the full amount thereof is exhausted. No suit may be commenced on the bond after the ex-

piration of one year following the commission of the *act on which the suit is based* except that time for purposes of claims for fraud shall be measured as provided in § 12–543. * * *" 32–1152, subsec. D, A.R.S. (Emphasis ours.)

It is the contention of the appellant, surety, that the furnishing of labor or materials in the performance of a contract is the "act" upon which this suit is based, and that the last act within the period covered by the bond occurred on 30 April, 1962, and that therefore 30 April, 1963, was the last day upon which the plaintiff, Grand-Air Metal Products, could bring an action against the surety.

Grand-Air, however, contends that the act upon which the suit is based, was Tri-State's failure to pay the amount owed to Grand-Air, and that the time would commence to run at or after 22 March, 1963, which was the date that plaintiff, Grand-Air last furnished Tri-State with materials on open account. The judgment of the court below reads as follows:

"IT IS THE JUDGMENT of the court that the plaintiff have judgment against the defendant for the amount of the items furnished the defendant during the period of July 10, 1961, to July 14, 1962."

Our Court has stated that the defense of the statute of limitations is not favored by the Arizona courts:

"We have repeatedly held that while the defense of the statute of limitations is a legitimate one, it is not favored by the courts, and, where two constructions are possible, the one which gives the longer period of limitations is the one which is to be preferred. * * *" O'Malley v. Sims, 51 Ariz. 155, 165, 75 P.2d 50, 55, 115 A.L.R. 634 (1938).

In the instant case, it is apparent that the account between Tri-State Building Company and Grand-Air Metal Products, is an "open" account, and that said account remained open between the parties from 28 February, 1961, until 22 March, 1963. Al-

though there is a period of inactivity of some six months between 30 April, 1962, to 30 October, 1962, Grand-Air Metal Products and Tri-State continued to do business and Grand-Air Metal Products continued to provide Tri-State with credit and materials upon an open account. Our Supreme Court has stated:

> "Generally speaking, an open account is one where there are running or concurrent dealings between the parties, which are kept unclosed with the expectation of further transactions." Connor Livestock Company v. Fisher, 32 Ariz. 80, 85, 255 P. 996, 997, 57 A.L.R. 196 (1927).

And our Court has recently stated in construing a similar section of A.R.S. 32–1152, subsec. D as follows:

> "This court has found the general rule to be that where the parties are doing business on an 'open account' basis the statute of limitations does not run during such a state of mutual dealings, but only from the date of the last item." Continental Casualty Company v. Grabe Brick Company, 1 Ariz.App. 214, 218, 401 P.2d 168, 172 (1965).

We feel and therefore hold that the account between Grand-Air Metal Products and Tri-State Building Company being "open" until 22 March, 1963, that the account was still open at the time of the 14 July, 1962, bond cancellation. The defendant surety company would, of course, be liable only for the period covered by their bond. The statute of limitations, however, did not commence to run at the time of the last item furnished within the bonding period, but quite the contrary, the account still being "open" at the time the bond was cancelled, the one year statute of limitations commenced to run on that date (14 July, 1962). Suit having been commenced on 18 June, 1963, within one year from the date of the cancellation of the bond, we therefore hold that the suit was timely filed and that the defendant surety may not successfully plead the one year statute of limitations as provided in 32–1152, subsec. D, A.R.S.

The judgment of the lower court is affirmed.

DONOFRIO, J., concurs.

STEVENS, Chief Judge (concurs specially).

It is my opinion that "the act" referred to in the statute is the act of the extension of credit for each item. One year from that date is not an unreasonably short time to give notice to the surety which has no personal knowledge of the details of its principal's business. However, the principles set forth in Continental Casualty Company, cited in the majority opinion, are so closely allied to the case before us that I must concur in the majority opinion.