422 P.2d 724

Russell A. LYON, Jr. and Rosalyn B. Lyon, husband and wife, Appellants,

v.

GREAT AMERICAN INSURANCE COMPA-NY, a corporation, Appellee.

I CA–CIV 231.

Court of Appeals of Arizona.

Jan. 27, 1967.

Murphy, Posner & Franks, by A. M. Posner, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Robert G. Beshears, John H. Lyons, Phoenix, for appellee.

STEVENS, Judge.

The question before us is the date upon which the one year statute of limitations commences to run in favor of the surety on a contractor's bond where the basis of the action is the failure of the principal, the contractor, to perform the construction contract. The chronology of dates is as follows:

1 July 1962: A contractor's bond wherein S.G.S. Construction Company, a duly licensed contractor, was the principal and the appellee, Great American Insurance Company was the surety, was filed with the Registrar of Contractors.

29 September 1962: S.G.S. and the Lyons, the appellants, entered into a contract for the construction of a home for the Lyons. Construction was commenced the following month.

During July 1963, the Lyons entered into possession of the home even though it had not been fully completed. In the same month, and shortly after they assumed possession and occupancy of the premises, it became apparent that the roof was defective in that it leaked. The Lyons protested to S.G.S., and the contractor undertook to repair the roof. No notice of the breach of the contract was given to the surety. The effort was not brought to a successful conclusion.

In the meantime and on 31 July 1963, Great American withdrew as the contractor's bond surety for S.G.S. A new bond was lodged with the Registrar wherein the Home Indemnity Company was the surety.

In February 1965, the Lyons, not being satisfied with the progress which was being made in connection with the repair of the roof, employed another contractor to repair the roof and to correct the leaking condition.

On 24 March 1965, the Lyons filed the suit in question against S.G.S., Great American and others who were associated with the installation of the roof including as a party-defendant, Home Indemnity. We are concerned in this case only with Great American. In the trial court, Great American successfully urged the one year statute of limitations which is set forth in A.R.S. Section 32–1152 and a formal written judgment was rendered in favor of Great American. Appropriate findings and orders were entered pursuant to Rule 54(b), Rules of Civil Procedure, 16 A.R.S., and the appeal now under consideration was properly perfected.

The appropriate portions of A.R.S. Section 32–1152 are as follows:

" * * * The bond shall be subject to claims by any person who, *after entering into a construction contract with the principal is damaged by the failure of the principal to perform the contract or by any person furnishing labor or materials used in the direct performance of a construction contract.* The persons claiming against the bond * * * may maintain an action at law against the contractor and the surety * * *. No suit may be commenced on the bond after

the expiration of one year *following the commission of the act* on which the suit is based * * *." (Emphasis supplied)

The section contains an exception, in relation to claims for fraud, which is not applicable in the matter now under consideration.

The Arizona Supreme Court set forth the Legislative history of Section 32–1152, including the most recent amendment which was enacted in 1961, in the case of Employment Security Commission of Arizona v. Fish, 92 Ariz. 140, 375 P.2d 20 (1962). In this decision we also find the appropriate rules of statutory construction. The question of the application of the statute of limitations to the claim of materialmen is the subject matter of two cases, Continental Casualty Company v. Grabe Brick Co., 1 Ariz.App. 214, 401 P.2d 168 (1965) and Security-Connecticut Companies v. Grand-Air Metal Products, 3 Ariz.App. 67, 411 P.2d 826 (1966). In Continental Casualty Company, we find the following statements of law:

"* * * It is our opinion that the 'act on which the suit is based' must reasonably and logically be the breach of the legal duty owed to the appellees, that is, the duty to pay for the materials as agreed. The breach of that duty owed is the 'act' on which suit is based. * * *

" 'A cause of action accrues at the time when its owner may legally invoke the aid of a proper tribunal to enforce his demand; when he has a present right to institute and maintain action or suit.' "

In Security-Connecticut Companies, the court ruled:

"The defendant surety company would, of course, be liable only for the period covered by their bond."

The court further held that even though the statute of limitations in relation to an open account did not commence to run as against the contractor to whom the goods were furnished so long as the account remained open, "the one year statute of limitations commenced to run * * *" in relation to the liability of the surety on the bond as of the date of the cancellation of the bond.

It is noted in the quoted portion of Section 32–1151 that there are two different categories of claims which can be urged against the bond. The first of these is in relation to the failure of the contractor to perform a construction contract and the second is in relation to claims by persons who furnish materials or labor which are used in the direct performance of the contract. This limitation is sustained in the Fish case. As to both of these categories, the one year statute of limitations which is available to the surety commences with "the commission of *the act* on which the suit is based". (Emphasis supplied)

The task of the Court in determining "the act" when considering the right of laborers or materialmen is simpler than is the task when one is considering the rights of a person who contracts for the construction of a structure. As pointed out in Fish and Continental Casualty Company:

" '* * * Where the words may be susceptible for more than one meaning, the court must adopt such interpretation as is reasonable. * * * In seeking the reasonable interpretation, where there is an apparent ambiguity, the court will not be bound by the letter, but will consider the statute as a whole to determine its intent and purpose. * * *' "

We expressly refrain from considering a hypothetical fact situation wherein the completion of the construction contract requires several years and during each of these years the contractor's bond is executed by a different surety. In passing we would comment that such a situation is probably more hypothetical than real in that we would anticipate that a contract of that magnitude would be supported by a performance bond commensurate with the contract price. In deciding the cause now before us, as previously noted, we are not confronted with a fraud situation. We expressly limit this decision to the relatively simple fact situation which is before us.

We hold that the one year statute of limitations began to run in favor of the surety and against the building contractee upon the contractee's occupancy of the structure or upon the contractee's discovery of the breach of the contract whichever event shall first occur. We hold that the efforts of the contractor to correct the breach did not toll the running of the statute of limitations in its relation to the rights of the surety. In the case now before us, the occupancy occurred and the breach was discovered in July 1963. The suit was filed in March 1965. The Lyons could have protected themselves in relation to their claim against the surety by a timely filing of the suit. This would not have prevented negotiations and efforts to correct the contract defect. This situation is not presented to us.

The judgment is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.