560 P.2d 65

**E. L. FARMER CONSTRUCTION CO.,
INC., an Arizona Corporation,
Appellant,**

v.

**HARTFORD ACCIDENT & INDEMNITY
COMPANY, a Connecticut
Corporation, Appellee.**

**No. 1 CA–CIV 3152.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 23, 1976.

Rehearing Denied Jan. 18, 1977.

Review Denied Feb. 8, 1977.

Lewis & Roca by John P. Frank, Phoenix, for appellant.

Jennings, Strouss & Salmon by Lee E. Esch, Phoenix, and Burns, Ferrin & Ehrenreich by F. Britton Burns, Phoenix, for appellee.

## OPINION

NELSON, Judge.

Appellant, E. L. Farmer Construction Co., Inc. (Farmer), the owner, developer and general contractor of a housing subdivision in the City of Phoenix, appeals from an order of summary judgment dismissing his action against the defendant, Hartford Accident & Indemnity Company (Hartford), the surety on an A.R.S. § 32–1152 contractor's license bond of Applico Contractors (Applico), one of the subcontractors on the project.

Farmer's claim against Hartford was based on Applico's breach of a fifteen year warranty given to Farmer. The trial court dismissed the action on the basis that it was barred by the one-year statute of limitations contained in A.R.S. § 32–1152D. For the reasons stated below we agree with the trial court and affirm the order of dismissal.

The parties have stipulated to the facts underlying this appeal. On March 29, 1971, Farmer and Applico entered into an agreement pursuant to which Applico was to furnish the labor, material and equipment necessary for application of exterior wall coatings to houses in Farmer's project. A provision in the contract guaranteed Applico's work for fifteen years.

Soon after Applico began work under the contract, defects began to appear and eventually became evident in most of the houses on which Applico worked. At Farmer's insistence Applico instituted efforts to repair the defects. These efforts began in 1971 and continued until October 1973 when Applico's license was revoked. Farmer then undertook the repairs at a cost to it exceeding $4,250.00.

Farmer, hoping to recoup some of its expenses, filed suit against Hartford as surety on Applico's license bond on November 23, 1973 [1]. The action was based on Applico's breach of the 15 year warranty provision of the contract.

The sole issue on appeal is whether the trial court properly found Farmer's claim was barred by the statute of limitations contained in A.R.S. § 32–1152D.

A.R.S. § 32–1152D provides in part:

"The bond . . . shall be subject to claims . . . by any person who, after entering into a construction contract with the principal is damaged by the failure of the principal to perform the contract . . . . No suit may be commenced on the bond . . . after the expiration of one year following the commission of the act . . . on which the suit · is based except that time for purposes of claims for fraud shall be measured as provided in § 12–543."

■ The breach of Applico's warranty is the "act" on which Farmer's suit is based. See *Lyon v. Great American Insurance Company*, 4 Ariz.App. 596, 422 P.2d 724 (1967); *Continental Casualty Company v. Grabe Brick Co.*, 1 Ariz.App. 214, 401 P.2d 168 (1965). The statute of limitations began to run against Hartford as surety at the moment of breach, thus our decision regarding the timeliness of Farmer's suit necessarily depends on our determination of when the breach occurred.

■ A warranty as to quality of goods or workmanship is generally broken, if at all, when made and the statute of limitations begins to run from the date of sale or delivery. See 1 S. Williston, *Sales of Goods* § 212a (rev.ed. 1948). In some cases an exception exists where a warranty relates to the future quality or performance of goods or workmanship. In such instances breach can be determined only at some point within a specified future time and the statute of limitations will not begin to run until breach occurs, if at all, at the future

1. Applico, insolvent at the time action was filed, was not made a party to the suit.

date. *See e. g., Ingalls v. Angell,* 76 Wash. 692, 137 P. 309 (1913); 1 S. Williston, *Sales of Goods, supra.* Farmer contends this exception is applicable here and, in an attempt to extend the exception, has directed our attention to two cases where the running of the statute with respect to prospective warranties was further delayed until repair attempts proved futile or were abandoned. *Zellan v. Cole,* 87 U.S.App.D.C. 9, 183 F.2d 139 (1950); *Fowler v. A & A Company,* 262 A.2d 344 (D.C.App.1970).

Neither of those cases involved the statutory liability of a surety on a contractor's license bond and we are not convinced that the rules there espoused are warranted in this case. Further, characterization of Applico's warranty as present or prospective is irrelevant since the warranty was broken, at the latest, in September of 1972 when all of the houses covered by the contract were occupied.

Farmer contends that if its cause of action accrued in September 1972, its suit against Hartford was nevertheless timely because the statute of limitations was tolled during the period Applico was making repairs. *See Aced v. Hobbs-Sesack Plumbing Co.,* 55 Cal.2d 573, 12 Cal.Rptr. 257, 360 P.2d 897 (1961). Hartford urges us to apply the rule of *Lyon v. Great American Insurance Company, supra,* a case involving installation of a defective roof. There it was held that the A.R.S. § 32–1152D statute of limitations began to run in favor of a building contractor's surety upon discovery of the breach or occupancy of the building, and that the contractor's efforts to correct his breach did not toll the statute with respect to its surety. *Lyon v. Great American Insurance Company, supra,* 4 Ariz.App. at 599, 422 P.2d 724. Farmer strenuously argues that *Lyon* is inapplicable here since no warranty was involved in that case.

■ The plaintiff's action in *Lyon* was not characterized as one based on breach of warranty. It is clear, however, that had the suit been bottomed on breach of the contractor's implied warranty that the roof would be fit for its intended purposes both as to workmanship and materials, *see Kub-* *by v. Crescent Steel,* 105 Ariz. 459, 466 P.2d 753 (1970); *Reliable Electric Co. v. Clinton Campbell Contractor, Inc.,* 10 Ariz.App. 371, 459 P.2d 98 (1969); *Rosell v. Silver Crest Enterprises,* 7 Ariz.App. 137, 436 P.2d 915 (1968), the result would have been the same. While we deal here with an express and not an implied warranty, the time when the statute of limitations begins to run is the same in both cases. *Aced v. Hobbs-Sesack Plumbing Co., supra.*

■ We hold that the statute of limitations began to run at the latest in September 1972 when all the houses were occupied and that Applico's efforts to repair the defects did not toll the running of the statute. *Lyon v. Great American Insurance Company, supra.*

■■ The terms of A.R.S. § 32–1152D militate against any other result. The statutory bond requirement was intended to provide limited collateral security for the performance of the building contractor's duties. *Cf. Employment Security Commission of Arizona v. Fish,* 92 Ariz. 140, 375 P.2d 20 (1962). A surety's range of liability under A.R.S. § 32–1152D is coextensive up to the principal amount of its bond with its principal's undertaking in a construction contract. It is clear, however, that the Legislature in providing a one year limitation, except for cases of fraud, intended a surety's temporal exposure to be short. Since the use of long-term warranties was common at the time the statute was enacted, judicially engrafting an additional exception for these warranties is unwarranted and would undoubtedly have an adverse effect, not intended by the Legislature, on both the insurance and construction industries.

Our resolution of this matter makes it unnecessary to decide which of two consecutive bonds, in different principal amounts, would have been available to satisfy a judgment for Farmer had its suit been timely.

Judgment affirmed.

DONOFRIO, P. J., and OGG, J., concur.