David P. ARST and Maxine E. Arst, his
Wife, Plaintiffs-Appellants,

v.

MAX BARKEN, INC., Defendant-Respon-
dent, Third-Party Plaintiff,

v.

REITZ & JENS, INC., and The Freeman
Contracting Company, Inc.,
Third-Party Defendants.

Nos. 45851, 45911.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 2, 1983.

Michael J. McKittrick, Clayton, for plaintiffs-appellants.

Bernard A. Barken, Clayton, for respondent.

Ralph Kleinschmidt, St. Louis, for Freeman Contracting.

W.H. Copeland, Clayton, for Reitz & Jens.

Edward S. Meyer, St. Louis, for 3rd Party.

DOWD, Chief Judge.

On March 5, 1981, plaintiff-appellants David and Maxine Arst brought suit against respondent Max Barken, Inc. for breach of express and implied warranties in the construction of their residence, and for breach of a subsequent agreement to repair. Respondent filed a third party petition against Reitz & Jens, Inc. and Freeman Contracting Company. On May 13, 1982, the trial court sustained respondent's motion for summary judgment and this appeal followed. We affirm.

Before this court, respondent filed a motion to dismiss appellants' appeal on the grounds that appellants' statement of the facts is not a fair and concise statement as required by Rule 84.04(c). Although appellants' statement of facts did omit certain facts, the dismissal of an appeal is a drastic remedy and we find that it would be inappropriate here. Motion denied.

Appellants entered into a contract with respondent on June 20, 1969, for the purchase of a residence which was constructed by respondent. Within one month after occupying their residence, appellants discovered cracks and shifting of the foundation and on August 29, 1969, appellants gave respondent notice of this condition. After such notification, respondent's agents made numerous verbal assurances that the cracks would be repaired. On October 28, 1971, and again on January 21, 1974, appellants notified respondent that despite its repair of the cracks, leaks continued and additional cracks appeared.

Respondent's employees inspected the residence in 1974 and again in 1975. In 1976, respondent notified appellants that based upon examinations by Reitz & Jens, respondent's soil engineers, the cracking was a result of underlying soil conditions which caused the vertical settling of the residence. Respondent then contracted with Freeman Contracting Company to underpin the foundation and patch the cracks in appellants' residence. Nevertheless, more cracks appeared after the foundation was underpinned.

Respondent continued to monitor the problem but did nothing further to remedy the condition. In a letter dated August 7, 1979, respondent's president stated to appellants, "I do not feel that Max Barken, Inc.

has any further responsibility to you in connection with the construction of your home."

Appellants thereafter retained two soil engineering firms which inspected the premises and concluded that the residence was not settling vertically, but rather was sliding horizontally down the slope because respondent had rechanneled an adjacent creek without stabilizing the slope prior to construction.

In their brief, appellants relied on four points. All four of these points, however, deal with the question of whether the trial court erred in sustaining respondent's motion for summary judgment on the grounds that the action was barred by the statute of limitations.

On review of a grant of a motion for summary judgment, parties against whom summary judgment was entered must be accorded every favorable intendment of the record. *Thompson v. Parker,* 608 S.W.2d 415, 416 (Mo. banc 1980).

In their petition, appellants alleged that respondent expressly and impliedly warranted that the residence it sold to appellants was constructed in a good and workmanlike manner and that respondent breached these warranties when it constructed the residence on a slope which was unstable. Such actions are governed by a five year statute of limitations. § 516.120 RSMo 1978; *Ruhling v. Robert Dawes Construction Company,* 610 S.W.2d 403, 405 (Mo.App.1980).

Under § 516.100 RSMo 1978, the five year statute of limitations does not begin to run until the cause of action accrues, which is defined as follows:

. . . the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recov-ered, and full and complete relief obtained.

§ 516.100 RSMo 1978.

Appellants contend that their damages were not ascertainable until after April, 1976, when "additional movement occurred," and "only then could appellants have maintained an action for the full extent of their damages to a successful conclusion."

Only when there is more than one item of damage does the cause of action accrue, so as to begin only after the last wrong has been completed. *Ruhling v. Robert Dawes Construction Company,* 610 S.W.2d 403, 405 (Mo.App.1980). When there is only one wrong which results in continuing damage, as in the case at bar, the cause of action accrues when that wrong is committed and the damage sustained is capable of ascertainment. We find that there was just one wrong committed here, not continuing wrongs. Consequently, appellants cause of action accrued in August of 1969 when their house was delivered in its defective condition and appellants discovered the cracks and shifting of their house's foundation. At this time, the damage was sustained and capable of ascertainment. The fact that the damage was continuing is immaterial since an instruction on future damages is included in the Missouri Approved Instructions and appropriate in such circumstances.

Appellants cite three Missouri cases in which there was a delayed manifestation of injury: *Krug v. Sterling Drug, Inc.,* 416 S.W.2d 143 (Mo.1967); *Clohesy v. Century Electric Co.,* 142 S.W.2d 780 (Mo.App.1940); and *Thorne v. Johnson,* 483 S.W.2d 658 (Mo. App.1972), in support of their argument that their damages were not ascertainable until after April, 1976. In all three of these cases, the plaintiffs employed experts to ascertain their injuries, and these experts nonetheless failed to ascertain the damages. The reasoning behind these cases was well stated by the Missouri Supreme Court in *Krug:* "[A] person must have some notice of his cause of action, an awareness either that he has suffered an injury or that an-

other person has committed a legal wrong which ultimately may result in harm to him, before the statute can begin to run." *Krug v. Sterling Drug, Inc.*, 416 S.W.2d 143, 150 (Mo.1967).

In the case at bar, there was no such delayed manifestation of injuries. Appellants discovered cracks and shifting of their foundation in August of 1969 and they knew who caused such damage, yet they neglected to employ an expert to ascertain the nature of their damages until August of 1979. We find that appellants had notice of their cause of action against respondent in August of 1969 and it is then that the statute of limitations began to run.

Appellants alleged that the question of whether their claim was filed within the statute of limitations contained genuine issues of material fact. We find that the record before us presents no substantial evidence to make the question of when plaintiffs' cause of action accrued a question for the jury. *Krug v. Sterling Drug, Inc.*, 416 S.W.2d 143, 149 (Mo.1967).

In a subpoint, appellants contend that a purchaser must give the builder notice of the breach and an opportunity to repair as a prerequisite to bringing an action for breach of an implied warranty. For authority, appellants cite the cases of: *Crowder v. Vandendeale*, 564 S.W.2d 879 (Mo. banc 1978); *Ballwin Plaza Corporation v. H.B. Deal Construction Co.*, 462 S.W.2d 687 (Mo.1971); and *Ruhling v. Robert Dawes Construction Company*, 610 S.W.2d 403 (Mo.App.1980). A review of these cases reveals that, while it is desirable to require purchasers to give notice of the breach and an opportunity to repair to the builder, such notice and opportunity to repair are not prerequisites to a homeowner's right to bring suit.

Appellants further contend that, assuming their cause of action is barred by the statute of limitations, respondent's written promise to remedy the condition through a written contract with Freeman Contracting Company revived appellants' action from the bar of the statute of limitations, or, alternatively, is the basis for a new cause of action not barred by the statute of limitations.

Section 516.320 RSMo 1978 provides that in order to take a case out of the statute of limitations, a written promise must be made by the party chargeable thereby. Appellants contend that respondent "promised to remedy the condition by underpinning the foundation" in a letter written to them. In respondent's letter, respondent denied any liability for the cracked foundation, but did inform appellant that it would contract to have their foundation underpinned. However, respondent made it clear that it's action was not to be understood as an agreement to do any further repairs.

We fail to find "a written *promise* to remedy the condition" in respondent's letter. (emphasis ours) Therefore, the requirements of Section 516.320 RSMo 1978 were not met to toll the statute of limitations. Since we find no promise to repair in respondent's letter, we also find no basis for a separate cause of action against the respondent for breach of an agreement to repair the defective conditions of appellants' residence.

Finally, appellants allege that if their cause of action is deemed to accrue when they noticed the foundation cracks, respondent's attempts to repair estopped it from asserting the statute of limitations as a bar to this action. This court in *Neal v. Laclede Gas Company*, 517 S.W.2d 716, 719 (Mo.App.1974), specifically rejected plaintiff's contention that the defendant should be estopped from asserting the statute of limitations because defendant not only made repairs on the air conditioning unit but also gave assurances that the system would operate satisfactorily. "When all the facts are known a court will seldom find that a party is estopped to plead the statute of limitations, unless he has made positive efforts to avoid the bringing of suit against him, or unless he has in some way misled the claimants." *Dixon v. Shafton*, 649 S.W.2d 435, 439 (Mo. banc 1983). Since we find none of the *Dixon* exceptions appearing here, we will follow our earlier holding

in *Neal v. Laclede Gas Company* and find that respondent was not estopped from asserting the statute of limitations as a defense.

Judgment affirmed.

SIMON and GAERTNER, JJ., concur.