Mark **HASEMEIER** and Donna Hasemeier, **Plaintiffs-Appellants,**

v.

**METRO SALES, INC., McBride and Son Company, and McBride and Son Builders, Inc., Defendants-Respondents.**

No. 49353.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Sept. 16, 1985.

Application to Transfer Denied
Nov. 21, 1985.

M.C. Sleater, Clayton, for plaintiffs-appellants.

Richard R. Hardcastle, III, N. Theodore Zink, Jr., St. Louis, for defendants-respondents.

SNYDER, Judge.

Plaintiffs Mark Hasemeier and Donna Hasemeier appeal from a summary judgment in favor of defendants. The litigation arises out of the Hasemeiers' claim against the defendants for defective construction of the Hasemeiers' residence. The issue is whether the petition was filed within the applicable statute of limitations. The judgment is affirmed.

Four of appellants' points relied on charge trial court error in rendering summary judgment because they in fact filed their petition within either the ten year limitations period allowed in § 516.097, RSMo.1978 or the five year period allowed in § 516.120, RSMo.1978.

In the appellants' final point they say the trial court erred in denying their motion to strike respondent's first amended answer in which they pled the specific statutes of limitations relied on. They argue respondents had waived the statute of limitations defense because in their original answer they raised the statute of limitations defense without specifying the statutes on which they were relying.

The last claim of error will be decided first. If the trial court erred in permitting respondents to amend their answer to specify the statutory provisions they were relying on in their statute of limitations affirmative defense, it will not be necessary to consider the appellants' other points relied on. The trial court was well within its discretion in permitting respondents to amend their answer, however, and this point is denied.

Respondents' answer to appellants' third amended petition was filed on January 15, 1982. It contained an allegation that the appellants' cause of action was barred by the statute of limitations, without specifying with particularity the section of the statutes upon which it relied.

Several motions were filed and ruled upon, discovery ensued, and on May 18, 1984 respondents, by leave of court, filed their first amended answer in which they specified that all counts of the appellants' third amended petition were barred by the statute of limitations as "set forth in § 516.120 RSMo. (1978), as read in conjunction with § 516.097 RSMo. (1978)," because the claims accrued more than five years prior to the filing of the petition.

Appellants were aware of respondents' reliance upon the statute of limitations inasmuch as it was pled generally in respondents' first answer, although without specifying the applicable statute sections. Appellants were not prejudiced by the trial court's granting of the motion to amend.

A party may amend his pleadings by leave of court at any time and leave shall be freely given when justice so requires. Rule 55.33, *DeArmon v. City of St. Louis*, 525 S.W.2d 795, 802 (Mo.App.1975). Trial courts have broad discretion in determining whether leave to amend shall be granted.

*Pender v. Foeste,* 329 S.W.2d 656, 659[4] (Mo.1960), *Sun Elec. Corp. v. Morgan,* 678 S.W.2d 410, 412 (Mo.App.1984). This court finds that the trial court did not abuse its discretion in granting respondents leave to file the amended answer.

Appellants cite cases which hold that a party relying on the statute of limitations must plead the specific statutory section upon which he relies. There is no quarrel with those cases. Appellants cite no cases, however, in which a Missouri appellate court has ruled that a trial court abused its discretion in allowing an amendment to an answer under facts similar to those in the case under review. There was no error in permitting the challenged amendment.

Appellants maintain the trial court erred in granting respondents' motion for summary judgment because the applicable statute of limitations is § 516.097 RSMo.1978 and the petition was filed within ten years of the date on which the residence was completed.

■ Appellants cite no authority to support their contention that § 516.097 RSMo.1978 is the applicable statute. A point of error unsupported by citation of relevant authority is ordinarily deemed abandoned. *Wright v. Martin,* 674 S.W.2d 238 (Mo.App.1984). Appellants say nothing about this being a case of first impression and their argument does nothing more than quote sections of their petition, concluding with an assertion that the suit was brought within ten years of completion of the improvement.

The issue is not one of first impression. *Crowder v. Vandendeale,* 564 S.W.2d 879 (Mo. banc 1978); *Gibson v. Reliable Chevrolet, Inc.,* 608 S.W.2d 471 (Mo.App.1980). The point is denied.

■ It remains, then, to determine whether appellants' petition was filed within the five-year period allowed by § 516.120 RSMo.1978. Summary dispositions are appropriate in statute of limitations cases because underlying facts are relatively easy to develop, *Dixon v. Shafton,* 649 S.W.2d 435, 440 (Mo. banc 1983), but summary judgment procedure is an extreme and drastic remedy and should be utilized with great care. *Commerce Bank of Fenton v. B.P.J. Enterprises,* 659 S.W.2d 615, 617[1–4] (Mo.App.1983). Summary judgment should not be rendered unless "the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." *Pitman Mfg. Co. v. Centropolis Transfer Co.,* 461 S.W.2d 866, 872[3–5] (Mo.1970); Rule 74.04(h).

The petition was brought in six counts, breach of implied warranty of fitness and habitability, breach of implied warranty of construction in a skillful and workmanlike manner, fraud, fraudulent concealment, and violation of the Merchandising Practices Act. Their points relied on relate to the breach of implied warranty and fraud counts.

Appellants tacitly admit that the five-year statute is applicable to their cause of action. Missouri courts "have applied statutes of limitations with some strictness, and exceptions and estoppels have been rather grudgingly found." *Dixon v. Shafton, supra,* citing *Jepson v. Stubbs,* 555 S.W.2d 307 (Mo. banc 1977).

Suit was filed on April 1, 1977. In answer to an interrogatory, appellants said:

The damage first became apparent on or about August 1, 1971, and approximately at the end of 1973 or the beginning of 1974 water began to leak into the finished side of the basement, and further damage has continued every day until the present and is still continuing.

Appellants' other answers to interrogatories and deposition testimony all say that they started getting water in the basement in 1973 and that damage to basement floors and walls, basement paneling and stairs, the basement tiled floor, a bar and a refrigerator occurred after 1973. They alleged further that damage to the patio occurred after 1973.

■ The statute does not begin to run until damage is actually sustained and capable of ascertainment. Section 516.100 RSMo.1978 reads:

Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

The issue to be decided is whether, given the facts here, the damage was sustained and capable of ascertainment on August 1, 1971 so as to start the running of the five-year statutory period. This court rules that it was.

The facts in the case under review are similar to those in *Arst v. Max Barken, Inc.*, 655 S.W.2d 845 (Mo.App.1983). In *Arst* the appellants discovered cracks and shifting of the foundation within one month of occupying their residence in 1969. They notified the builder then, and again in 1971 and 1974 after the builder had to make repairs. The builder made further attempts to repair, but ultimately declined to accept further responsibility. Appellants finally filed suit on March 5, 1981.

This court in *Arst* affirmed summary judgment for the builder, holding that the statute of limitations began to run in August of 1969 when the owners first discovered the cracks and shifting. So it is here. By their own admission appellants discovered the damage on August 1, 1971. The damage was sustained and capable of ascertainment at that time.

Another similar case is *Lato v. Concord Homes, Inc.*, 659 S.W.2d 593 (Mo.App. 1983). In *Lato* the appellants purchased a residence in May of 1968 and had problems within a few months with a stopped-up sanitary sewer line. They filed suit on August 12, 1976.

The appellate court held in *Lato* that continuing damages do not toll the statute but that the statute of limitations begins to run when the plaintiff's right to sue arises. Citing *Dixon v. Shafton, supra* at 488, the *Lato* court said "capable of ascertainment" refers to the fact of damage rather than the precise amount.

■ There was only one item of wrong here, the damage which appellants knew existed on August 1, 1971 when their right to sue arose. The fact that the damage continued and became worse as time went on does not extend the time within which suit may be brought to some indefinite date in the future. To hold otherwise would render the statute of limitations almost meaningless in these construction situations.

Of course a plaintiff must have notice of the damage sustained. *Krug v. Sterling Drug, Inc.*, 416 S.W.2d 143, 150[4] (Mo. 1967). Obviously appellants had notice. They said under oath that the damage first became apparent on August 1, 1971.

As this court said in *Arst v. Barken, supra* at 847[4–5]: "The fact that the damage was continuing is immaterial since an instruction on future damages is included in Missouri Approved Instructions and appropriate in such circumstances."

From a practical point of view a plaintiff could and should mitigate damages by taking action when the damage first occurs.

Appellants argue that they did not sustain ascertainable damages until late 1973, although the house was purchased on December 23, 1970, and in spite of their saying in answer to interrogatories that the damage first became apparent on August 1, 1971. They rely on *Linn Reorganized School Dist. v. Butler Mfg.*, 672 S.W.2d 340 (Mo. banc 1984), but that case arose out of an entirely different set of facts.

In *Linn Reorganized School District* the plaintiff contracted for the building of a vocational school and fieldhouse instead of a residence. The dome roof of the fieldhouse was erected prior to the construction or addition of the side walls. The supports,

except for the side walls, were in place and completed in July 1972. The evidence showed that the plaintiff knew that the roof leaked in July of 1972. Suit was filed on October 3, 1977 seeking a judgment for damages to the roof and the gymnasium floor which was installed at the earliest in November 1972.

The supreme court in *Linn* relied heavily on the fact that the roof leakage occurred before the entire construction project was completed. The plaintiff sought recovery for damages to the gymnasium floor which was installed in November 1972 at the earliest.

The court reasoned that to require suit to be filed when a "faulty condition," as they described the roof leakage, first was discovered, could require a plaintiff to sue long before a project was completed. The opinion pointed out that it was even possible that the five-year statute would run before a project was completed.

In the case under review the residence was completed, transferred and occupied by appellants before the damage was discovered or "first became apparent," in the words of appellants. "Damage" was the word they used. The *Linn Reorganized School District* case is not controlling here.

This court is also aware of *Davis v. Laclede Gas Co.*, 603 S.W.2d 554 (Mo. banc 1980). In *Davis* the gas utility failed from 1965 to 1970 to move a dangerously located meter to the outside of the building, but instead installed a vent, causing the plaintiff owner of a dry cleaning and pressing business to lose profits because the vent interfered with the supply of gas and prevented his presses from operating properly. Suit was filed on January 17, 1973.

The supreme court held that the wrong continued from day to day and plaintiff could recover for damages incurred during the five-year period prior to the filing of suit. The court restricted its ruling to the "peculiar and particular circumstances" of the *Davis* case, circumstances which differ materially from those in the case under review.

Both *Linn Reorganized School District* and *Davis v. Laclede Gas Company, supra,* concerned fact situations which were unusual, or as the supreme court emphasized in the *Davis* case, "peculiar and particular circumstances." In the case under review the transaction was an ordinary purchase of a residence and this court follows the reasoning and rulings in *Arst v. Barken,* and *Lato v. Concord Homes, Inc., supra,* in affirming the summary judgment of the trial court.

The judgment is affirmed.

SMITH, P.J., and SATZ, J., concur.