756 P.2d 346

**Joseph MATUSIK and Sandra Matusik, husband and wife, Plaintiffs/Appellants,**

v.

**Michael S. DORN and Evelyn M. Dorn, husband and wife, Defendants/Appellees.**

**No. 2 CA–CV 88–0114.**

Court of Appeals of Arizona, Division 2, Department A.

May 24, 1988.

William R. Mettler, Jr., Phoenix, for plaintiffs/appellants.

Ivy L. Kushner, Scottsdale, for defendants/appellees.

OPINION

HOWARD, Presiding Judge.

BACKGROUND AND FACTS

This is an appeal from the granting of a summary judgment. The issue here is whether the "discovery rule" applies to a breach of contract action against the builder of improvements to real estate. The facts, considered in the light most favorable to the appellants, show that on March 3, 1977, the appellants purchased a home built by appellee Michael Dorn, a general contractor. On or about October 10, 1982, Arizona Public Service Company entered the premises and "red tagged" all gas appliances and all gas lines leading into the house because of gas leakages. As a result, appellants had to reconstruct and repair the system. Prior to this time, appellants had no knowledge that the gas lines were leaking and unsafe.

On January 20, 1986, this action was filed alleging fraud, breach of implied war-

ranty and negligence. Appellees' motion for summary judgment based on the statute of limitations was granted. Appellants contend the court erred in granting summary judgment as to their contract claim because the six-year statute of limitations governing contract claims did not commence to run until October 10, 1982, when they were informed about the gas leaks. We agree and reverse.

### GENERAL PRINCIPLES OF LAW

■ *Woodward v. Chirco Construction Co., Inc.,* 141 Ariz. 520, 687 P.2d 1275 (App.1984), approved as supplemented, 141 Ariz. 514, 687 P.2d 1269, sets forth the general principles of law applicable to this case. Injury due to negligent construction of a residence may give rise to an action for breach of the implied warranty of workmanlike performance and habitability and an action for breach of the contractor's common law duty of care. Relief can be sought on both the contract and the tort claim. Each has its own distinct damages and its own distinct statute of limitations. A.R.S. § 12–542(3) governs tortious injury to real estate and provides that the cause of action must be commenced within two years after the cause of action accrues. A.R.S. § 12–548 is the applicable statute of limitations for breach of implied warranties, and the cause of action must be commenced within six years after the cause of action accrues.

### THE TORT CLAIM

■ In tort cases involving personal injuries, Arizona follows the "discovery rule." Under this rule, the cause of action does not accrue until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, that he or she had been injured by the defendant's negligent conduct. *Kenyon v. Hammer,* 142 Ariz. 69, 688 P.2d 961 (1984); *Anson v. American Motors Corp.,* 155 Ariz. 420, 747 P.2d 581 (App.1987). The discovery rule was first adopted in Arizona in medical malprac-

tice cases. See *Kenyon v. Hammer,* supra, and *Mayer v. Good Samaritan Hospital,* 14 Ariz.App. 248, 482 P.2d 497 (1971). In *Anson v. American Motors Corp.,* supra, the doctrine was applied to a products liability case. We see no reason why the rule should not be extended to tortious injuries to property. The rationale of the rule applies whether the injury is to the person or to his property. It would be unjust to require a person to bring an action for damages to either his person or property if he does not know or have reason to know the facts giving rise to the claim. Other states have applied the discovery rule to actions involving injury to real property. See, e.g., *Lumbermen's Mutual Casualty Co. v. Pattillo Construction Co., Inc.,* 254 Ga. 461, 330 S.E.2d 344 (1985), and *Vigil v. Spokane County,* 42 Wash.App. 796, 714 P.2d 692 (1986). We hold that the discovery rule applies to tortious injuries to property. However, since appellants filed this case well after two years from the date they discovered the defects, summary judgment was properly granted as to this claim.[1]

### THE CONTRACT CLAIM

There is a conflict of authority on the question of whether the discovery rule applies in contract actions for breach of implied warranties and actions involving improvements to real estate. Some cases hold that the discovery rule is applicable: *Swaw v. Ortell,* 137 Ill.App.3d 60, 92 Ill. Dec. 49, 484 N.E.2d 780 (1984); *Brown v. Ellison,* 304 N.W.2d 197 (Ia.1981); *Poffenberger v. Risser,* 290 Md. 631, 431 A.2d 677 (1981); *Hasemeier v. Metro Sales, Inc.,* 699 S.W.2d 439 (Mo.App.1985); *Gibson v. John D. Campbell and Company,* 624 S.W.2d 728 (Tex.App.1981); *Ehrenhaft v. Malcolm Price, Inc.,* 483 A.2d 1192 (D.C.App.1984). Others hold to the contrary: *Stephens v. Creel,* 429 So.2d 278 (Ala.1983); *Ware v. Christenberry,* 7 Kan.App.2d 1, 637 P.2d

---

**1.** In response to the motion for summary judgment the appellants did not make any showing that they had a claim for fraud.

452 (1981); see generally, 18 Williston on Contracts § 2025(C) at 779 (3d ed. 1978).[2]

Typical in those cases which discuss their rationale for applying the discovery rule is the reasoning in the case of *Brown v. Ellison*, supra, at 201:

> "There are close similarities between professional malpractice suits, in which the discovery rule is generally applied, and express and implied warranty cases. Malpractice actions are premised on an implied contract to use the standard of care reasonably expected from a professional. Negligent breach of that standard of care gives rise to a cause of action. We believe that a buyer has a similar right to rely on the warranty of the seller of a product or service. In the area of malpractice this very reliance underlies the reason for the application of the discovery rule. [Citation omitted.] In express or implied warranty situations the buyer is in a position of inferior knowledge similar to that of a client or patient in the cases of professional malpractice."

Those authorities which hold that the discovery rule does not apply do so on the basis that in contract actions the general rule has long been that the mere fact that a person entitled to an action has no knowledge of his right to sue, or of the facts out of which his right arises, does not prevent the running of the statute or postpone the commencement of the period of limitations until he discovers the facts or learns of his rights thereunder. We find the reasoning of the Iowa court in *Brown v. Ellison*, supra, more suitable to modern day experiences and therefore hold that in an action based upon either tort or contract claims arising out of allegedly deficient design or construction of improvements to real estate, the cause of action does not accrue until the plaintiff knows, or in the exercise of reasonable diligence should know, of the injury.[3]

Appellees have moved to dismiss the appeal on the ground the notice of appeal was untimely filed. This contention is entirely devoid of any merit. The order granting summary judgment was entered on March 13, 1987. The last day to file the notice of appeal was April 12, 1987. This was a Sunday. The notice of appeal was filed on April 13, 1987, the next day. See Rule 6(a), Rules of Civil Procedure, 16 A.R.S.

Reversed and remanded for further proceedings consistent with this opinion.

LACAGNINA, C.J., and HATHAWAY, J., concur.

---

2. The appellees and apparently the trial court relied heavily on the case of *E.L. Farmer Construction Co., Inc. v. Hartford Accident & Indemnity Co.*, 114 Ariz. 210, 560 P.2d 65 (App.1976). There the court held that the statute of limitations for action on a bond began to run when all the houses were occupied and was not tolled by the subcontractor's efforts to repair defects. The discovery rule was not discussed and we do not consider the case to be on point.

3. In *Becker v. Hamada, Inc.*, 455 A.2d 353 (Del. Super.1982), the court notes that at least 47 states and the District of Columbia have enacted statutes relating to construction professionals as a result of the demise of the privity doctrine and the imposition of the discovery rule. Typical is Miss.Code Ann. § 15–1–41 (1972), which places a 10–year statute of limitations on actions to recover damages for injury to person or property arising out of any deficiency (both patent and latent) in the design, planning, supervision or observation of construction or construction of an improvement to real property.