16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 MANCHESTER HEIGHTS ACQUISITION PARTNERS, L.P., A Missouri
Limited Partnership, as assignee for Manchester
Heights, L.P., Appellant,
v.
George MASSOOD; Donald E. Hutchison, Appellees.
 No. 93-2099.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 17, 1993.
Filed: January 20, 1994.
 
 Before MAGILL and BEAM, Circuit Judges, and VAN SICKLE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Manchester Acquisition Partners, L.P. (Manchester) appeals from the district court's[1] order granting defendants George Massood and Donald Hutchison's motions to dismiss for failure to state a claim on the ground that the action was time barred. Manchester argues that the district court erred because there is a factual question over when its cause of action accrued under Missouri law. We affirm.
 
 I. BACKGROUND
 
 2
 Manchester is the assignee of Manchester Heights, L.P., a Missouri limited partnership that entered into an agreement in July 1982 with Hutchison-Massood Development, Inc., (Development) under which Development was to develop and construct an apartment complex. Manchester brought this diversity suit against Massood and Hutchison in July 1992, alleging that they had personally guaranteed Development's obligations, liabilities, and duties under the agreement and that Development had breached these duties and obligations and failed to complete the apartment project in a competent and workmanlike manner.
 
 
 3
 Massood and Hutchison each moved for dismissal on the ground that Sec. 516.120 of the Missouri Revised Statutes, the five-year statute of limitations for contract actions, barred the suit. They argued that the complaint alleged that the apartment was defective when completed in April 1983 and that the cause of action thus accrued at this time. Manchester responded to the defendants' respective motions to dismiss by asserting that Sec. 516.097, not Sec. 516.120, governs its action and that the action was timely because it was filed within Sec. 516.097's ten-year limitations period. Manchester never argued that its action accrued within Sec. 516.120's five-year limitations period. The district court concluded that Sec. 516.120 governs Manchester's suit and granted defendants' motions to dismiss because the cause of action accrued when Development completed the project in April 1983, more than five years before Manchester filed suit. Manchester filed this timely appeal.
 
 II. DISCUSSION
 
 4
 Manchester now concedes that Sec. 516.120 controls but argues that the district court erred because it concluded that the cause of action accrued in April 1983. Manchester asserts for the first time that there is a factual question over when its cause of action accrued because the complaint only alleged that the project was completed in April 1983 but did not allege when the project's defects were ascertainable, which is when Sec. 516.120's limitations period begins to run.
 
 
 5
 Manchester did not make this argument below, however, and we decline to hear it now. See Westcott v. City of Omaha, 901 F.2d 1486, 1490 (8th Cir. 1990). It had at least three opportunities to argue to the district court that the cause of action accrued some time after Development completed the project, but it failed to do so. Rather, Manchester relied solely on the theory that the action accrued within Sec. 516.097's apparent ten-year limitations period.[2] The district court thus based its decision on Manchester's acquiescence to defendants' claim that the complaint alleged that the cause of action accrued when Development completed the project. We agree and find that Sec. 516.120 bars Manchester's suit because its cause of action accrued in April 1983, more than five years before Manchester brought suit in July 1992.
 
 III. CONCLUSION
 
 6
 For the foregoing reasons, we affirm the district court's order granting Massood and Hutchison's motions to dismiss.
 
 
 
 *
 *THE HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 In Specialty Restaurants Corp. v. Bucher, 967 F.2d 1179, 1182 (8th Cir. 1992), we explained that the Missouri Supreme Court held that Sec. 516.097 was not a statute of limitations, but rather was a statute of repose that "bars plaintiffs from bringing suits after a specified number of years after the occurrence of a particular event without regard to the date of accrual of the cause of action."